IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|     Plaintiff,    ) | |
| )  | |
| vs.    ) | CASE NO. 11-20085-01-KHV |
| )  | |
| RODNEY MCINTOSH,    ) | |
|     Defendant.    ) | |

## MOTION TO DISMISS

**COMES NOW** the Defendant, Rodney McIntosh, by and through his attorney, James L. Spies, and hereby moves this Court to dismiss the Indictment in the above-captioned matter due to the Government's violation of his due process rights by destroying material exculpatory evidence. In support of said this motion the Defendant alleges and states as follows:

### FACTUAL ALLEGATIONS

The Defendant is charged in an Indictment with nine counts of forcible assault upon various Bureau of Prisons employees, in violation of 18 U.S.C. 111(a)(1). The Defendant denies the allegations and maintains his innocence. The charges involve numerous allegations that the Defendant spit and threw liquid substances on the guards; however, none of the clothing worn by the Bureau of Prisons employees when the Defendant allegedly spit or threw liquid was collected and preserved as evidence or subjected to testing. Moreover, in several of the counts, guards allege the Defendant threw liquid on them from various containers. In Count 2, the Defendant is alleged to thrown a container of urine on a guard; in Count 3, the thrown liquid is alleged to have come from a bottle that contained suspected urine and/or feces; Count 4 involves a milk carton containing an unknown liquid; in Count 5, a container was used to throw or squirt liquid; and in Count 6, liquid from a Ziploc/plastic baggie and a small plastic container left over from breakfast. None of the containers were collected or preserved as evidence or subjected to testing.

## ARGUMENT AND AUTHORITIES

The Due Process Clause of the Fourteenth Amendment requires the government to disclose to criminal defendants favorable evidence that is material to their guilt or punishment. *Brady v. Maryland,* 373 U.S. 83 (1963). The government's duty to preserve evidence in accordance with due process guarantees of the Constitution is "limited to evidence that might be expected to play a significant role in the suspect's defense." *California v. Trombetta,* 467 U.S. 473, 488 (1984). Thus, the government violates a defendant's due process rights when: (1) it destroys evidence whose exculpatory value is "apparent before the evidence was destroyed"; and, (2) the defendant is not able to "obtain comparable evidence by other reasonably available means." *Trombetta,* 467 U.S. at 489; *United States v. Bohl,* 25 F.3d 904, 909-10 (10th Cir. 1994).

If the exculpatory value of the evidence is indeterminate and merely "potentially useful" for the defendant, then he must show the government destroyed the evidence in bad faith. *Arizona v. Youngblood,* 488 U.S. 51, 58 (1988); *Bohl,* 25 F.3d at 910.

In the present case, the Government's failure to preserve and test the guards' clothing for spit or other substances the Defendant is alleged to have thrown on them as well as the failure to preserve and test the various containers from which the substances were thrown violates the Defendant's due process rights. The clothing and containers meet both prongs of the *Trombetta* test – (1) they possess an apparent exculpatory value and are necessary to determine the actual substance involved, and (2) the evidence is of such a nature that Defendant is at a complete loss to obtain comparable evidence by other reasonably available means.

This is not a situation where the evidence was tested then later destroyed and Defendant complains of inability to do his own testing. *See Illinois v. Fisher,* 540 U.S. 544 (2004)(cocaine routinely destroyed after four tests by police lab was "potentially useful" and not "material

exculpatory" evidence); *United States v. Bohl*, 25 F.3d at 904 (destroyed tower samples only potentially useful evidence for the defense in further testing after government tests suggested illegality). Instead, no physical evidence relating to the various alleged assaults was collected or tested. It is logical to assume the guards in question immediately reported the alleged conduct, disrobed from the offending clothing and removed any containers from which a substance was thrown; however, none of these items were collected for evidence in the prosecution or tested to determine the substance involved. Moreover, the actual content of the substances the Defendant is alleged to have used in the assaults - including spit, urine and/or feces - is material to the forcible assault charges. While the Defendant vigorously disputes the allegations; his defense is crippled by destruction of all physical evidence related to the charges. Due process notions of fundamental fairness require criminal defendants be afforded a meaningful opportunity to present a complete defense. *Trombetta*, 467 U.S. at 485.

## CONCLUSION

The Government violated the Defendant's due process rights by destroying all physical evidence relating to the charges. The destroyed evidence was material exculpatory evidence whose nature was apparent, and the Defendant is unable to obtain comparable evidence. "The disposition of evidence that is central to the case may permanently deprive the defendant of due process." *Bohl*, 25 F.3d at 914. The proper remedy in the instant case is dismissal of the indictment as the content of the substances used in the alleged forcible assaults is critical to the Government's case and no alternate remedy exists to protect the Defendant's due process rights. *See id.*

**WHEREFORE**, the Defendant requests this Court grant his Motion to Dismiss.

Respectfully Submitted,

THE LAW OFFICE OF JAMES L. SPIES, P.A.

*James L. Spies*
Digitally signed by James L. Spies
DN: cn=James L. Spies, o=The Law Office of James L. Spies, P.A., ou, email=jlspies@att.net, c=US
Date: 2012.06.07 15:01:42 -05'00'

James L. Spies, #18417
Barnett Building
816 Ann Avenue
Kansas City, Kansas 66101
(913) 371-9595
(913) 342-2016 – Fax
E-Mail: jlspies@att.net

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF DELIVERY**

I, James L. Spies, hereby certify that on June 7, 2012, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel of record in this case.

*James L. Spies*
Digitally signed by James L. Spies
DN: cn=James L. Spies, o=The Law Office of James L. Spies, P.A., ou, email=jlspies@att.net, c=US
Date: 2012.06.07 15:02:01 -05'00'

James L. Spies, # 18417