## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-20085-01-KHV |
| | ) | |
| RODNEY MCINTOSH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
### TO FOR INSPECTION OF GRAND JURY LIST

The United States of America, by and through Assistant United States Attorney, David P. Zabel, hereby responds to the defendant's "Motion to Inspect and Copy Grand Jury Selection Materials." (Doc. 36.) The defendant seeks "to inspect, reproduce, and copy all records or papers used by the jury commission or clerk in connection with the jury selection process pursuant to 28 U.S.C. § 1867(f)." (*Id.* at 1.) The government believes the defendant's request should be granted, with certain restrictions as outlined below.

### ARGUMENTS AND AUTHORITIES

The Jury Selection and Service Act (JSSA), 28 U.S.C. § 1861 et. seq.(1994), requires each federal judicial district to have a plan for the random selection of jurors that reflects the policy that jurors are to be "selected at random from a fair cross section of the community in the district or division wherein it convenes," *28 U.S.C. § 1861*, and that no person is to be excluded from service as a juror for any invidious reason. *See 28 U.S.C. § 1862.* The JSSA's "aim is to assure all litigants that potential jurors will be selected at random from a representative cross section of the community and that all qualified citizens

will have the opportunity to be considered for jury service." *H.R.Rep. No. 90-1076* (1968) ("House Report") reprinted in 1968 U.S.C.C.A.N. 1792.

The plan adopted by the District of Kansas provides for the random selection of prospective grand and petit jurors from the official lists of registered voters in each of the counties in the six divisions in Kansas. *See D. Kan. R. 38.1.* The names of individuals selected from the registered voter lists are placed on a "Master Jury Wheel" for the division in which the individuals reside. The clerk of the court draws names as needed from the divisional master wheel and mails a jury qualification form to selected individuals. The form asks the potential jurors to identify their racial and ethnic background. All individuals who return the forms who are eligible for service, and are not excused from service, are placed on the "Qualified Jury Wheel." A person is ineligible to sit on a jury if he or she is not an American citizen, is not eighteen years old, has not resided in the judicial district for at least one year, cannot speak or understand English, is physically or mentally incapable of serving, or is a felon. *See 28 U.S.C. § 1865(b).* Once the qualified wheel has been stocked, jury venires are randomly selected from the qualified wheel. *United States v. Shinault*, 147 F.3d 1266, 1271 (10th Cir. 1998).

In order to prevail on a JSSA challenge a defendant must show a "substantial failure" in proportional representation. *See 28 U.S.C. 1867(a).* "Mere technical violations of the procedures prescribed by the act do not constitute substantial failure to comply with its provisions. *United States v. LaChance,* 788 F.2d 856, 870 (2nd Cir. 1986) cert denied, 479 U.S. 883, 107 S.Ct. 271, 93 L.Ed.2d 248 (1986). To establish a violation based on group under-representation a defendant must show not only that the representation of a

distinctive group in the community is not fair and reasonable in relation to the number of

such persons in the community but also that the under-representation is the result of

systematic exclusion.  *Duren v. Missouri*, 439 U.S. 357 (1979); *United States v. Rioux*, 97

F.3d 648, 654 (2nd Cir. 1996); *United States v. Miller*, 116 F.3d 641 (2nd Cir. 1997).

In determining whether or not the defendant is entitled to the information requested

it is necessary to examine the statute authorizing disclosure.  Section 1867(a) provides,

in relevant part:

> In criminal cases, before the voir dire examination begins, or within  seven
> days after the defendant discovered or could have discovered, by the
> exercise of due diligence, the grounds therefore, whichever is earlier, the
> defendant may move to dismiss the indictment or stay the proceedings
> against him on the ground of substantial failure to comply with the provisions
> of this title in selecting the grand or petit jury.

Subsection (d) of that statute provides the mechanism for dealing with motions brought

before the court claiming a violation of jury selection procedures.  It states:

> Upon motion filed under subsection (a), (b), or (c) of this section , containing
> a sworn statement of facts which, if true, would constitute a substantial
> failure to comply with the provisions of this title, the moving party shall be
> entitled to present in support of such motion the testimony of the jury
> commission or clerk, if available, any relevant records and papers not public
> or otherwise available used by the jury commissioner or clerk, and any other
> relevant evidence...

Finally, subsection (f) requires the non-disclosure of this information, except under certain

circumstances.  That section provides in relevant part:

> The contents of records or paper used by the jury commission or clerk  in
> connection with the jury selection process shall not be disclosed, except...<u>as
> may be necessary in the preparation or presentation of a motion</u> under
> subsection (a) (b) or(c) of this section... the parties in a case shall be allowed
> to inspect, reproduce, and copy such records or papers at all reasonable
> times <u>during the preparation and</u> <u>pendency of such a motion.</u>

3

(Emphasis added).  The Supreme Court has held that a defendant in a criminal case "has essentially an *unqualified* right to inspect jury lists."  *Test v. United States*, 420 U.S. 28, 30 (1975) (footnote omitted) (emphasis in original).

The court should note however, that *Test* did not give defendants a totally unqualified right, but rather an essentially unqualified right.  One distinction is that the exercise of the right must be "necessary to the preparation or presentation" of a motion under Section 1867.  In the *Test* case, the defendant claimed the jury selection procedures "systematically excluded disproportionate numbers of people with Spanish surnames, students and blacks."  *Id.* at 29.  Providing access to the jury lists was obviously "necessary in the preparation or presentation" of his motion, since facts necessary to the preparation of the motion could only be gleaned from the requested information.

In *United States v. Paradies,* 98 F.3d 1266, 1278 (11th Cir. 1996), the court stated, "The Act requires that any motion filed pursuant thereto (meaning a motion filed under 28 U.S.C. § 1867(a)) be accompanied by 'a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of [the Act].'  28 U.S.C. 1867(d).  When that requirement is not satisfied, the challenge to the selection process must fail, because 'Congress left no room for ad hoc review of the usefulness of compliance with [the sworn statement] requirement.'"  *Id.* at 1278 (citing *United States v. Kennedy*, 548 F.2d 608, 613 (5th Cir 1977).  Other courts have also held that failure to file the sworn affidavit bars a defendant's claim.  *See e.g.  United States v. Aguirre*,108 F.3d 1284 (10th Cir. 1997); *United States  v. Morales*,108 F.3d 1213 (10th Cir. 1997).

However, some district courts and at least two appellate courts, including the 10th

Circuit Court of Appeals, have held the affidavit is not required in order to obtain the

discovery contemplated in section 1687(f).  In *United States v. Carlock*, 606 F.Supp. 491

(D. La. 1985), the court held a court could not deny access to jury selection materials on

the ground the motion for inspection was not accompanied by an affidavit establishing a

prima facie case of defective jury selection.   Similarly,  in *United States v. Offley*, 388

F.Supp 1100 (D. Mass 1975), the court held:

> The sworn statement requirements of subsection (d) should not be read into
> subsection (f) because to do so would be to require a sworn statement by
> defendant of the specific facts showing failure to comply before, and as a
> condition of defendant's right to discovery of those facts and would place too
> great a burden on the party seeking discovery.

*Id*.  The *Offley* court cited *United States v. Tijerina*, 446 F.2d 675 (10th Cir 1971), for the

proposition that the discovery provisions of subsection (f) are to be had as a matter of right.

However *Tijerina*, specifically stated in footnote 5:  "While the new statute appears to grant

such inspection as a matter of right, the matter was not thus presented in the trial

court...and that question is not before us."  In *United States v. Alden*, 776 F.2d 771 (8th Cir.

1985), the court stated:

> In order to avail himself of the right to access otherwise unpublic jury
> selection records the criminal defendant need only allege that he is preparing
> a motion challenging the jury selection procedures; a defendant's motion
> may not be denied because it is unsupported by a sworn statement of
> facts,... nor may the motion to inspect be denied because the defendant
> failed to allege facts which show a probability of merit in the proposed jury
> challenge.

*Id*.  Finally, the First Circuit held in *United States v. Royal*, 100 F.3d 1019 (1st Cir. 1996):

> A District court may not premise a grant or denial of a motion to inspect jury
> selection records upon a showing of the probable success on the merits of
> the challenge; the right of access to the records is a precursor to the
> defendant's burden of establishing a prima facie case of constitutional

5

exclusion, and is intended to provide the defendant with evidence necessary to mount the proper showing.

*Id.*

Although it is clear defendants are entitled to jury selection records, what is not clear is the manner in which they receive them.  In  *United States v. Van Pelt*, 1993 WL 23730 (D.Kan. 1993), Judge Crow expressed concern that the request sought by the defendant "intrude[d] upon the sanctity and secrecy of the grand jury."  *Van Pelt*, at 8.  Judge Crow then cited numerous cases that discussed the defendant's "unqualified right" to grand jury lists.[1]

Therefore, the government requests that this court adopt the same practice and procedure that Judge Crow employed in *Van Pelt*, wherein he ordered:

> The Clerk of the Court shall allow [defendant] to inspect the master jury wheel, the completed jury qualification forms returned by persons selected from the master jury wheel which were used to determine the qualified jury wheel and the qualified jury wheel relevant to the grand jury which returned the indictment in this case. [Defendant] shall be allowed access to these records only for purposes of inspection. The right of access shall be by appointment only. The defendant shall not be allowed to make photostatic or any other manner of copy of any of the information provided without written permission of the court. The defendant may seek permission to make copies of the information in the manner set forth in the body of this opinion.

---

[1] *See United States v. Harvey,* 756 F.2d 636, 642-643 (8th Cir.) (district court allowed defendants to inspect data relating to the constituency and method of the grand jury selection, but omitted the names and addresses of persons on the master grand jury list), cert. denied, 474 U.S. 831 (1985); *United States v. Carlock*, 606 F.Supp. 491 (W.D.La.1985) (defendant granted access to the master jury wheel and the qualified jury wheel but denied access to the list of jurors on the grand jury that returned the indictment against the defendant and materials pertaining to the selection of that grand jury), aff'd, 806 F.2d 835 (5th Cir.1986), cert. denied, 480 U.S. 949 (1987); *United States v. Davenport*, 824 F.2d 1511 (7th Cir.1987) (defendant did not demonstrate why records other than those available to the public were necessary); *United States v. McLernon*, 746 F.2d 1098, 1122-1123 (6th Cir.1984) (district court did not error in denying defendants' motion to inspect and copy the names, addresses and questionnaires of the grand jurors who returned the indictments against them; district court found that defendants were only entitled to the master lists from which the grand jurors are drawn, together with the relevant demographic data).

Until further written order of this court, the defendant is denied access to a list of the jurors on the grand jury that returned the instant indictment and to all materials pertaining to the selection of prospective jurors in this case or the grand jury which returned the indictment in this case, including but not limited to, the starting name and number used to select the grand jury. The Clerk, his staff and C.C. & S. Data Processors, Inc., shall in no way indicate any manner by which the list of prospective petit or actual grand jurors might be determined from reference to the master or qualified wheels.

Violation of this court's order will be considered not only as contempt of court, but also as a violation of 28 U.S.C. § 1867(f), which imposes a maximum sentence of $1,000 and imprisonment of one year.  If the Clerk of the Court or his staff have any questions pertaining to their duties under this order, they shall contact this court immediately.

No government or defense attorney in this case, or any defendant, or any other person acting on their behalf, shall himself, or through any investigator or other person acting for him, interview, examine, question or contact any prospective juror for this case or any juror on the grand jury that returned the instant indictment, or any relatives, friends or associates of such prospective juror or grand juror, either prior to trial, during the pendency of trial, or with respect to the deliberations or verdict of the grand and petit juries in this case except on express written leave of this court on good cause shown. Violations of this paragraph will not only be considered as contempt of court, but will also be reported to the Justice Department for investigation.

The restrictions imposed by Judge Crow protect the sanctity of the Grand Jury proceedings and protect individual grand jurors from harassment and intimidation.  The restrictions also allow the defendant to petition for additional information to be disclosed upon a showing of good cause.  In this way the interests of the defendant in obtaining the information is protected, as is the sanctity and secrecy of the Grand Jury proceedings.

## **CONCLUSION**

The government agrees the defendant is entitled to certain grand jury selection information.  However, the government asks this court to impose the same restrictions that are delineated in *Van Pelt*.

Respectfully submitted,
BARRY R. GRISSOM
United States Attorney

/s/ *David P. Zabel*
David P. Zabel, KS Sct. #17887
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
David.Zabel@usdoj.gov
(913) 551-6730
(913) 551-6541 (fax)

8

CERTIFICATE OF SERVICE

I certify that on June 15, 2012, I electronically filed the above-captioned response

with the clerk of the court by using the CM/ECF system which will send a notice of

electronic filing to the following:

James L. Spies
816 Ann Avenue
Kansas City, KS 66101
E-Mail:  jlspies@att.net
(913) 371-9595
(913) 342-2016 (fax)
Counsel for Rodney McIntosh

Respectfully submitted,
BARRY R. GRISSOM
United States Attorney

/s/ *David P. Zabel*
David P. Zabel, KS Sct. #17887
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
David.Zabel@usdoj.gov
(913) 551-6730
(913) 551-6541 (fax)