# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-20085-01-KHV |
| RODNEY MCINTOSH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion To Void On Jurisdictional Grounds Brought Under Federal Rules Of Civil Procedure 60(b) (Doc. #196) filed January 14, 2015. Defendant argues that the Court lacked jurisdiction because the government did not file a complaint under Rule 3, Fed. R. Crim. P. and failed to obtain a writ of habeas corpus prosequendum.

A criminal case may be initiated by a complaint, indictment or information. See Fed. R. Crim. P. 3 and 7. Here, a grand jury returned an indictment. Therefore the government was not required to pursue the alternative means of a complaint. See Marrone v. United States, No. 5:04-0228, 2011 WL 6009984, at *5 (S.D.W.Va. Nov. 9, 2011); United States v. McDowell, No. 09-20133-JWL, 2010 WL 5014445, at *3 (D. Kan. Dec. 3, 2010). The Court overrules defendant's jurisdictional challenge based on the government's failure to file a complaint.

Defendant next claims that the government lacked jurisdiction to arrest and prosecute him because it did not obtain a writ of habeas corpus ad prosquendum. The government was not required to obtain a writ of habeas corpus ad prosequendum because defendant was already in federal

custody.[1]  See United States v. Mauro, 436 U.S. 340, 358 (1978) (federal courts issue writs of habeas corpus ad prosequendum to secure presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody); Gray v. Benson, 443 F. Supp. 1284, 1298 (D. Kan. 1978) (writ of habeas corpus ad prosequendum serves purpose of processing state prisoner for federal trial).

Defendant apparently argues that absent a writ of habeas corpus, his arrest was void. Defendant ignores the fact that a Deputy U.S. Marshal arrested him on a warrant.  See Warrant For Arrest (Doc. #2) filed October 6, 2011.[2]  Because the grand jury had returned an indictment that was valid on its face, the Clerk properly issued the arrest warrant.  See Kaley v. United States, 134 S. Ct. 1090, 1097-98 (2014) (grand jury indictment valid on its face conclusively determines existence of probable cause and requires issuance of arrest warrant without further inquiry); see also id. at 1098 (grand jury on its own may effect pre-trial restraint on person's liberty by finding probable cause to support a criminal charge).  The Court therefore overrules defendant's jurisdictional challenge based on the validity of his arrest.[3]

---

[1] When the grand jury returned an indictment on October 6, 2011, defendant was at USP-Leavenworth on a prior sentence.

[2] Defendant's "arrest" was somewhat atypical in that when the grand jury returned the indictment, he was already in federal custody serving a prison sentence.  The "arrest" essentially involved Deputy U.S. Marshals taking defendant to court for his arraignment on the charges in the indictment.

[3] To the extent that defendant challenges his detention after arrest, the Court overrules his claim in light of the Order Of Detention Pending Trial (Doc. #6) which Magistrate Judge James P. O'Hara filed October 25, 2011.  On April 19, 2012, one day after defendant's prior sentence expired, defendant asked to reconsider his detention.  See Motion For Detention Hearing (Doc. #23). On April 27, 2012, after a hearing, Judge O'Hara ordered that defendant remain detained.  See Detention Order (Doc. #29).  Defendant has not set forth any legal basis to challenge the validity of Judge O'Hara's detention orders.

For the above reasons, the Court overrules defendant's motion to void his convictions on jurisdictional grounds. The Court also overrules defendant's motion to enter default judgment under Rule 55 of the Federal Rules of Civil Procedure on his motion to void his sentence. The Rules of Civil Procedure do not apply to a motion to void a sentence in this criminal case.

**IT IS THEREFORE ORDERED** that defendant's Motion To Void On Jurisdictional Grounds Brought Under Federal Rules Of Civil Procedure 60(b) (Doc. #196) filed January 14, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Enter Default Judgment Brought Under Federal Rules Of Civil Procedure 55 (Doc. #197) filed March 2, 2015 be and hereby is **OVERRULED**.

Dated this 15th day of September, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge