IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-20085-01-KHV |
| RODNEY MCINTOSH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions related to defendant's Motion To Vacate, Set Aside, Or Correct Brought Under 28 U.S.C. § 2255 (Doc. #198) filed April 6, 2015.

**I.      Motion For Documents Without Cost Brought Under Title 28 U.S.C. § 2250 (Doc. #200)**

Defendant asks for "certain documents" without cost, but he does not specify any particular documents. Accordingly, the Court overrules his motion. If the Court later finds that certain documents are needed to resolve defendant's Section 2255 motion, defendant financially qualifies for free copies. See 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require).

**II.     Defendant's Motion For Documentary Evidence (Doc. #201)**

In considering his Section 2255 motion, defendant asks the Court to examine the transcript of the hearing on February 13, 2013. The Court agrees that the transcript is relevant to defendant's claims of ineffective assistance of counsel. Accordingly, the Court sustains defendant's motion and directs the court reporter to file the transcript of the hearing.

**III.    Defendant's Motion To Take Judicial Notice (Doc. #205)**

Defendant asks the Court to take judicial notice of his motion under Rule 33 of the Federal

Rules of Criminal Procedures and suspend operation on that motion "until a matter [sic] of issues are resolved." Doc. #205 at 1. Defendant does not explain what documents are subject to judicial notice. To the extent defendant asks the Court to take judicial notice of his pending motion, such notice is not necessary. The Court overrules defendant's motion to take judicial notice.

**IV.     Defendant's Motion For Affirmative Action (Doc. #217)**

Defendant asks for a copy of the docket sheet. The Court sustains defendant's request and directs the Clerk to send defendant a copy of the docket sheet.

Defendant also asks the Court to find the government in default for failing to respond to his Section 2255 motion and to order his release.[1] On November 12, 2015, the government filed a timely response to defendant's motion. United States' Consolidated Response To Defendant's Post-Conviction Motions (Docs. 198, 199, 200, 201, 205, 206, 207) (Doc. #215). The Court therefore overrules defendant's request.

**V.      Defendant's Letter Request For Default (Doc. #218)**

Defendant has filed a letter which the Court construes as a motion for release from custody based on the government's failure to respond to his Section 2255 motion. As explained above, the government timely filed a response. The Court therefore overrules defendant's request for default.

**VI.     Defendant's Motion For Relief (Doc. #219)**

Based on the government failure to respond to his Section 2255 motion, defendant asks the

---

[1] When defendant filed several of the instant motions, he apparently had not received a copy of the government's response. In a reply brief, defendant states that he received the government's response on January 4, 2016. Doc. #220 at 5. To ensure that defendant has adequate time to reply, the Court orders that **on or before February 26, 2016, defendant may file a supplemental reply in support of his Motion To Vacate, Set Aside, Or Correct Brought Under 28 U.S.C.S. § 2255 (Doc. #198) and related motions (Docs. #206, #207 and #214)**.

Court to grant the motion and order his immediate release. As explained above, the government filed a timely response. The Court therefore overrules defendant's motion for relief.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Documents Without Cost Brought Under Title 28 U.S.C. § 2250</u> (Doc. #200) filed April 27, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Documentary Evidence</u> (Doc. #201) filed April 27, 2015 be and hereby is **SUSTAINED. The Court directs the court reporter to file the transcript of the hearing on February 13, 2013. The Court directs the Clerk to mail defendant a copy of the transcript.**

**IT IS FURTHER ORDERED** that defendant's <u>Motion to Take Judicial Notice</u> (Doc. #205) filed July 9, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Affirmative Action</u> (Doc. #217) filed November 30, 2015 be and hereby is **SUSTAINED in part. The Court sustains defendant's request for a copy of the docket sheet and directs the Clerk to send defendant a copy. On or before February 26, 2016, defendant may file a supplemental reply in support of his <u>Motion To Vacate, Set Aside, Or Correct Brought Under 28 U.S.C.S. § 2255</u> (Doc. #198) filed April 6, 2015 and related motions (Docs. #206, #207 and #214).**

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #218), which the Court construes as a motion for release from custody based on the government's failure to respond to defendant's Section 2255 motion, filed December 28, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Petitioner's Motion For Relief By The Powers Of Due Process</u> (Doc. #219) filed December 31, 2015 be and hereby is **OVERRULED**.

Dated this 11th day of January, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
