## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 11-20085-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| RODNEY MCINTOSH, | ) | **No. 15-2909-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On June 18, 2013, the Court sentenced defendant to 144 months in prison.  On August 5, 2016, the Court overruled defendant's motion to vacate sentence under 28 U.S.C. Section 2255.  See Memorandum And Order (Doc. #242).  On August 18, 2016, defendant filed a notice of appeal.  This matter is before the Court on defendant's Motion To Reconsider The Denial Of [Section] 2255 [Motion] Pursuant To Rule 59 (Doc. #246) filed August 23, 2016, defendant's Motion For The Court To Respond To Receiving Notice Of Appeal To 28 U.S.C. § 2255 (Doc. #248) filed August 26, 2016, defendant's Motion To Proceed In Forma Pauperis [On Appeal] (Doc. #249) filed August 29, 2016, defendant's Motion To Receive [Copy Of Complaint] (Doc. #250) filed September 12, 2016, and defendant's Motion For Notification Of Verification Of The Motion For Leave To Proceed In Forma Pauperis (Doc. #251) filed September 12, 2016.  For reasons stated below, the Court sustains defendant's motion to proceed in forma pauperis, but overrules his remaining motions.

### I.       Motion To Reconsider (Doc. #246)

Defendant argues that the Court did not address his argument that a sentence of 144 months

violated his due process rights.[1]  In particular, defendant asserts that his sentence exceeded the

maximum punishment of 96 months as set forth in the penalty page attached to the indictment.  For

reasons stated in the Court's order overruling defendant's Section 2255 motion, defendant is

precluded from raising this claim because he has not shown (1) cause for his failure to raise the issue

on direct appeal and actual prejudice or (2) that a fundamental miscarriage of justice will occur if

his claim is not addressed.  See Memorandum And Order (Doc. #242) at 8-9.  In addition, for

reasons stated below, the Court finds that defendant's claim of a procedural due process violation

lacks substantive merit.

The Court sentenced defendant to 96 months on each of Counts 2 through 8, to be served

concurrently, and 96 months on Count 9, of which 48 months to be served consecutively to the other

counts and 48 months to be served concurrently to the other counts.  In the order overruling

defendant's Section 2255 motion, the Court addressed defendant's challenge that his controlling

sentence of 144 months exceeded the statutory maximum as follows:

> Defendant argues that the Court erroneously sentenced him above the
> statutory maximum term of imprisonment in violation of Alleyne v. United States,
> 133 S. Ct. 2151 (2013).  Motion To Vacate (Doc. #198) at 7-19, 28-31, 38-45.  In

---

[1]      Defendant asserts a "substantive" due process violation.  Because defendant alleges that the indictment did not notify him that the maximum total penalty could exceed 96 months in prison, the Court construes his claim as one alleging a "procedural" due process violation.  See United States v. Jones, 768 F.3d 1096, 1105 (10th Cir. 2014) (procedural due process requires notice and meaningful opportunity to be heard).  Defendant has not alleged sufficient facts to assert a substantive due process violation.  Substantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.  Daniels v. Williams, 474 U.S. 327, 331 (1986); see also Archuleta v. Colo. Dep't of Insts., Div. of Youth Servs., 936 F.2d 483, 490 (10th Cir. 1991) (substantive due process guarantees that state will not arbitrarily deprive person of life, liberty or property regardless of how fair procedures are that are used to make decision). Because the Court sentenced defendant on multiple counts and had discretion to give defendant a controlling prison term greater than the statutory maximum on any individual count, defendant cannot establish a substantive due process violation.

Alleyne, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. The statutory maximum under Section 111 is eight years. Because Section 111 does not set forth a statutory minimum, Alleyne does not appear to apply.

Liberally construed, defendant's motion asserts that his sentence of 144 months exceeds the statutory maximum of 96 months on each count. The jury convicted defendant on eight separate counts. After considering the various statutory factors under Section 3553(a), the Court concluded that a total sentence of 144 months in prison was appropriate. Because the Court imposed sentence on multiple counts, it had discretion to run the terms concurrently or consecutively to reach the total punishment. See 18 U.S.C. § 3584; see also U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum is less than total punishment, sentence imposed on one or more other counts shall run consecutively to extent necessary to produce combined sentence equal to total punishment); App. Note 1 to U.S.S.G. § 5G1.2(d) (if no count carries adequate statutory maximum, consecutive sentences to be imposed to extent necessary to achieve total punishment). The Court did not impermissibly increase the statutory maximum sentence.

Memorandum And Order (Doc. #242) at 25-26 (footnote omitted).

Defendant now alleges that a sentence of 144 months was illegal because the penalty page attached to the indictment states that the maximum penalty was "NMT [not more than] 8 years imprisonment." The penalty page, however, refers to "Counts 1-9." Read in conjunction with the indictment which sets forth nine separate charges, defendant was on notice that the maximum penalty on each charge was eight years in prison. At the arraignment, Magistrate Judge James P. O'Hara explained that the maximum penalty on each of the nine counts was eight years additional prison time. See Clerk's Courtroom Minute Sheet (Doc. #3) filed October 25, 2011 at 1 (penalties explained to defendant). Because defendant received adequate notice that the maximum penalty on each charge was eight years in prison, the Court overrules defendant's claim that his sentence of 144 months violated his procedural due process rights.

## II.      Motion To Proceed In Forma Pauperis (Doc. #249)

Because the Court previously appointed counsel for defendant under 18 U.S.C. § 3006A, he may appeal without prepayment of fees and costs or security therefor and without filing the affidavit required by Section 1915(a) of Title 28.  See Fed. R. App. P. 24(a)(3); 18 U.S.C. § 3006A(d)(7).[2]

## III.     Motion To Receive Copy Of Complaint (Doc. #250)

Defendant asks for a copy of the complaint that was before the grand jury in this case.  As explained in a prior order, a criminal case may be initiated by a complaint, indictment or information.  See Fed. R. Crim. P. 3 and 7.  Here, a grand jury returned an indictment.  Therefore the government was not required to pursue the alternative means of a complaint.  See Memorandum And Order (Doc. #242) at 9; Memorandum And Order (Doc. #210) filed September 15, 2015 at 1. Because the government did not file a complaint in this action, the Court overrules defendant's request as moot.[3]

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider The Denial Of [Section] 2255 [Motion] Pursuant To Rule 59 (Doc. #246) filed August 23, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For The Court To Respond To Receiving Notice Of Appeal To 28 U.S.C. § 2255 (Doc. #248) filed August 26, 2016 is **OVERRULED as moot**.

---

[2]      Under Rule 24(a)(3), defendant is permitted to proceed in forma pauperis without further authorization unless the Court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  Defendant's appeal appears to be in good faith.

[3]      Defendant asks for verification that the Court received his notice of appeal and his motion for leave to proceed in forma pauperis.  See Docs. #248, #251.  Defendant's requests are moot in light of this Order.

**IT IS FURTHER ORDERED** that defendant's Motion To Proceed In Forma Pauperis [On Appeal] (Doc. #249) filed August 29, 2016 is **SUSTAINED**.  Pursuant to Fed. R. App. P. 24(a)(3) and 18 U.S.C. § 3006A(d)(7), defendant may proceed on appeal in forma pauperis without further authorization.

**IT IS FURTHER ORDERED** that defendant's Motion To Receive (Doc. #250) filed September 12, 2016 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that defendant's Motion For Notification Of Verification Of The Motion For Leave To Proceed In Forma Pauperis (Doc. #251) filed September 12, 2016 is **OVERRULED as moot**.

**The Court directs the Clerk to send a copy of this Order to the Tenth Circuit Court of Appeals.**

Dated this 23rd day of September, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-5-