**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 11-20085-01-KHV |
| | ) | |
| RODNEY MCINTOSH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On June 18, 2013, the Court sentenced defendant to 144 months in prison. On August 5, 2016, the Court overruled defendant's motion to vacate sentence under 28 U.S.C. Section 2255. See Memorandum And Order (Doc. #242). On August 18, 2016, defendant filed a notice of appeal. On January 24, 2017, the Tenth Circuit Court of Appeals denied defendant's request for a certificate of appealability and dismissed his appeal. See Order Denying Certificate Of Appealability And Dismissing The Appeal (Doc. #259). This matter is before the Court on defendant's Motion To Set Aside Pursuant To 5 U.S.C. § 706(2)(A) (Doc. #260) filed April 6, 2017. For reasons stated below, the Court dismisses defendant's motion.

Defendant asks the Court to set aside his convictions and order his immediate release. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the BOP in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a

sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant cites the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), which applies to judicial review of agency actions. The APA is not an independent basis for this Court to vacate criminal convictions.[1] Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to vacate defendant's convictions or resentence him at this time.

**IT IS THEREFORE ORDERED** that defendant's Motion To Set Aside Pursuant To 5 U.S.C. § 706(2)(A) (Doc. #260) filed April 6, 2017 is **DISMISSED**.

Dated this 17th day of April, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. A defendant cannot avoid the bar against successive Section 2255 petitions by simply styling a petition under a different name. United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). Defendant states that he does not want the Court to construe his motion as one under 28 U.S.C. § 2255. The Court therefore declines to do so.