**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 11-20085-01-KHV |
| | ) | |
| RODNEY MCINTOSH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On June 18, 2013, the Court sentenced defendant to 144 months in prison. On August 5, 2016, the Court overruled defendant's motion to vacate sentence under 28 U.S.C. Section 2255. See Memorandum And Order (Doc. #242). On August 18, 2016, defendant filed a notice of appeal. On January 24, 2017, the Tenth Circuit Court of Appeals denied defendant's request for a certificate of appealability and dismissed his appeal. See Order Denying Certificate Of Appealability And Dismissing The Appeal (Doc. #259). On April 17, 2017, the Court dismissed defendant's Motion To Set Aside Pursuant To 5 U.S.C. § 706(2)(A) (Doc. #260). See Memorandum And Order (Doc. #261). This matter is before the Court on defendant's Motion To Reconsider Doc. #260 Or Take Judicial Notice For Appeal Of Denials (Doc. #264) filed May 1, 2017, defendant's Application To Proceed Without Prepayment Of Fees And Affidavit Of Prisoner (Doc. #268) filed May 22, 2017 and defendant's Motion For Plain Error Pursuant To Rule 52 Of Federal Rules Of Criminal Procedure (Doc. #269) filed May 30, 2017. For reasons stated below, the Court sustains defendant's motion to proceed without prepayment of fees, but overrules his remaining motions.

**I.    Motion To Reconsider (Doc. #264)**

Defendant asks the Court to reconsider its order overruling his motion to set aside his

convictions and order his immediate release. Except for unsubstantiated assertions of prejudice,[1] defendant has not cited any ground to set aside his convictions. As explained in the prior order, the Court does not have jurisdiction to vacate defendant's convictions or resentence him at this time. See Memorandum And Order (Doc. #261).[2]

## II. Motion To Proceed Without Prepayment Of Fees (Doc. #268)

Because the Court previously appointed counsel for defendant under 18 U.S.C. § 3006A, he may appeal without prepayment of fees and costs or security therefor and without filing the affidavit required by Section 1915(a) of Title 28. See Fed. R. App. P. 24(a)(3); 18 U.S.C. § 3006A(d)(7).[3]

---

[1] Defendant has alleged that the undersigned judge is racist and that the Court's rulings reflect prejudice. See Doc. #264 at 1. Defendant has not specifically asked the undersigned judge to recuse from deciding his present motions. In any event, recusal is not warranted.

Defendant primarily asserts prejudice from adverse rulings. A reasonable person with access to the relevant facts would not question the impartiality of the undersigned judge. See 28 U.S.C. § 455(a). The rulings and comments here were based upon the case before the undersigned judge, not some extra-judicial source, and they do not reflect deep-seated favoritism or antagonism that would make fair judgment impossible. See Liteky v. United States, 510 U.S. 540, 554-55 (1994). Defendant has not pointed to any facts, and the Court is aware of none, which would cause a reasonable person to question the impartiality of the undersigned judge. The Court therefore finds that recusal is not warranted under 28 U.S.C. § 455(a).

In addition, under Section 455(b)(l), a judge must disqualify herself if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against defendant. See id. (bias and prejudice must come from extrajudicial source).

[2] In his motion to reconsider, defendant asks that the Court construe his motion as an alternative notice of appeal of the order overruling his motion to set aside convictions and to order his immediate release (Doc. #260). Accordingly, the Court directs the Clerk to re-docket defendant's motion as a combined motion to reconsider and a notice of appeal as of May 1, 2017, the date defendant originally filed the motion.

[3] Under Rule 24(a)(3), defendant is permitted to proceed in forma pauperis without further authorization unless the Court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. Defendant's appeal appears to be in good faith.

**III.    Motion For Plain Error (Doc. #269)**

Defendant asks for relief from plain error. Defendant argues that the Court erred when it (1) instructed the jury on the law under 18 U.S.C. § 111(a)(1) and (2) sentenced defendant to 144 months in prison based on a misdemeanor assault conviction.

Defendant again objects that the Court should have instructed on the lesser included offense of "simple assault" under 18 U.S.C. § 111(a)(1). The Court previously rejected defendant's argument that counsel provided ineffective assistance for not asking for a jury instruction on simple assault. On appeal, the Tenth Circuit stated as follows:

> Despite the intervening clarification [in United States v. Wolfname, 835 F.3d 1214, 1216, 1218 (10th Cir. 2016)] of our precedent, the result here was proper. McIntosh was not entitled to a "simple assault" instruction because the element differentiating the two offenses "physical contact"was not in dispute at trial. See United States v. Moore, 108 F.3d 270, 272 (10th Cir. 1997) (a defendant is entitled to a lesser included offense instruction if, among other things, "the elements differentiating the two offenses are in dispute"). The government's argument and supporting evidence were clear and simple: McIntosh hit prison employees with bodily fluids. McIntosh denied doing so; he did not rely on an absence of physical contact. Thus, the evidence at trial did not warrant an instruction on "simple assault" -- "the evidence only allowed the jury to decide that [McIntosh] either did or did not participate in [assault involving physical contact on the prison employees]." See United States v. Espinoza, 277 Fed. Appx. 789, 792 (10th Cir. 2008) (unpublished). Because a lesser included offense instruction was not warranted by the evidence, counsel was not constitutionally ineffective for not raising this issue on direct appeal (the only specific claim presented for our consideration). See Cannon v. Mullin, 383 F.3d 1152, 1177 (10th Cir. 2004) (failure to raise meritless claims is not ineffective assistance).

United States v. McIntosh, No. 16-3259, 2017 WL 343516, at *2 (10th Cir. Jan. 24, 2017) (footnote omitted). In light of the Tenth Circuit ruling, the Court overrules defendant's argument that the jury instructions should have included an option to find him guilty of simple assault.

Defendant also objects to his sentence of 144 months. He apparently argues that the sentence was improper because at most, he committed "simple assault." As explained above, based on the

evidence in this case, no instruction on simple assault was necessary. As to any other challenges to defendant's sentence, the Court notes that on direct appeal, the Tenth Circuit found that defendant's sentence of 144 months was both procedurally and substantively reasonable. See United States v. McIntosh, 573 F. App'x 760, 764-65 (10th Cir. 2014).[4] The Court therefore overrules defendant's objections to his sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider Doc. #260 Or Take Judicial Notice For Appeal Of Denials (Doc. #264) filed May 1, 2017 is **OVERRULED**. **The Court directs the Clerk to re-docket defendant's motion to reconsider (Doc. #264) as a combined motion to reconsider and a notice of appeal as of May 1, 2017, the date defendant originally filed the motion.**

**IT IS FURTHER ORDERED** that defendant's Application To Proceed Without Prepayment Of Fees And Affidavit Of Prisoner (Doc. #268) filed May 22, 2017 is **SUSTAINED**. **Pursuant to Fed. R. App. P. 24(a)(3) and 18 U.S.C. § 3006A(d)(7), defendant may proceed on appeal without prepayment of fees. The Clerk is directed to forward a copy of this order to the Clerk of the Tenth Circuit.**

**IT IS FURTHER ORDERED** that defendant's Motion For Plain Error Pursuant To Rule 52 Of Federal Rules Of Criminal Procedure (Doc. #269) filed May 30, 2017 is **OVERRULED**.

Dated this 15th day of June, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] On August 5, 2016, on defendant's motion to vacate under 28 U.S.C. § 2255, this Court also overruled defendant's objections to his sentence. See Memorandum And Order (Doc. #242) at 23-26.