**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 11-20085-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| RODNEY MCINTOSH, | ) | No. 17-2483-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On June 18, 2013, the Court sentenced defendant to 144 months in prison. On August 5, 2016, the Court overruled defendant's motion to vacate sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #242). Defendant appealed. On January 24, 2017, the Tenth Circuit Court of Appeals denied defendant's request for a certificate of appealability and dismissed his appeal. See Order Denying Certificate Of Appealability And Dismissing The Appeal (Doc. #259). This matter is before the Court on defendant's Motion Under Federal Rule Of Civil Procedure 60(b)(3), (6) (Doc. #277) filed July 31, 2017, which the Court also construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255; defendant's Motion For An Investigation For Obstruction Of Justice Pursuant To 28 U.S.C. § 535 (Doc. #276) filed July 31, 2017 and defendant's Motion To Reconsider Pursuant To Fed. Rule Of Civil Procedure 59 (Doc. #278) filed August 14, 2017. For reasons stated below, the Court dismisses defendant's motion to vacate for lack of jurisdiction and overrules his remaining motions.

## Factual Background

On October 6, 2011, a grand jury charged Rodney McIntosh with nine counts of forcible assault against Bureau of Prisons ("BOP") employees in violation of 18 U.S.C. § 111(a)(1). See

Indictment (Doc. #1). Each count pertained to different incidents involving various BOP employees.[1]

In a pretrial motion to dismiss, defendant claimed that in violation of Brady v. Maryland, 373 U.S. 83 (1963), the government had destroyed material exculpatory evidence. See Motion To Dismiss (Doc. #35) filed June 7, 2012. On June 26, 2012, the Honorable Beth Phillips of the United States District Court for the Western District of Missouri, sitting by designation, overruled the motion. See Transcript Of Motions Hearing (Doc. #190) at 9. Judge Phillips found that (1) the exculpatory value of the evidence was not apparent and (2) to the extent that the evidence was potentially useful, defendant had presented no evidence that the government had acted in bad faith. See id.

After a seven-day trial, a jury found defendant not guilty on Count 1 and guilty on Counts 2 through 9. On June 18, 2013, defendant proceeded pro se at sentencing. Defendant's total offense level was 20, with a criminal history category VI, resulting in a guideline range of 70 to 87 months in prison. The statutory penalty under each count did not include a minimum term but included a maximum term of eight years in prison. See 18 U.S.C. § 111(a)(1). The Court sentenced defendant

---

[1] For example, Count 2 charged as follows:

On or about May 13, 2011, in the District of Kansas, the defendant, RODNEY MCINTOSH, did forcibly assault Earl Genter, a Senior Officer Specialist for the Bureau of Prisons, and engage in acts involving physical contact with Earl Genter while he was engaged in his official duties. This is in violation of Title 18, United States Code, Section 111(a)(1).

Indictment (Doc. #1). Except for the dates and victim names, the other eight counts included identical language. See id.

to 144 months in prison.[2] The Court found that a variance was appropriate because (1) not all counts of conviction resulted in an increase in the applicable guideline range; (2) the instant offenses were egregious in nature, in that (among other things) defendant threw bodily fluids on prison guards and told at least one victim that he would sexually assault members of the victim's family; (3) after trial, defendant continued his assaultive and disruptive conduct toward correctional officers at Corrections Corporation of America; (4) defendant had an extensive criminal history, including five prior felony convictions – three of which involved weapons and (5) defendant had not accepted responsibility for any of his criminal conduct. See Statement of Reasons (Doc. #174) at 3.

Defendant appealed. On appeal, defendant argued that the Court erred in overruling his motion to dismiss and that his sentence was procedurally and substantively unreasonable. On July 30, 2014, the Tenth Circuit affirmed. See United States v. McIntosh, 573 F. App'x 760 (10th Cir. 2014). On December 8, 2014, the Supreme Court denied defendant's petition for a writ of certiorari. See United States v. McIntosh, 135 S. Ct. 768 (2014).

On February 23, 2015, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserted claims of judicial error, ineffective assistance of counsel and prosecutorial misconduct. On August 5, 2016, the Court overruled defendant's motion. See Memorandum And Order (Doc. #242). Defendant appealed. On January 24, 2017, the Tenth Circuit denied a certificate of appealability and dismissed his appeal. See Order Denying Certificate Of Appealability And Dismissing Appeal (Doc. #259).

On July 31, 2017, defendant filed the instant motion under Rule 60(b), Fed. R. Civ. P.

---

[2] The term of imprisonment consisted of 96 months on each of Counts 2 through 8, to be served concurrently, and 96 months on Count 9, of which 48 months to be served consecutively to the other counts and 48 months to be served concurrently to the other counts.

Defendant asks the Court to reconsider the order that overruled his Section 2255 motion. Defendant alleges that the government committed fraud because it (1) asked a grand jury to return an indictment without a complaint, (2) misled the grand jury when it failed to disclose that it was a fictitious plaintiff, (3) presented perjured testimony at trial, (4) failed to submit jury instructions which included a correct statement of the law and (5) misrepresented facts during the Section 2255 proceedings. Doc. #277 at 1-14. Defendant also alleges that during the Section 2255 proceeding, the Court erred because (1) it did not adjudicate his claim under Brady v. Maryland, 373 U.S. 83 (1963) and (2) in addressing his claim that at trial, certain lay witnesses gave expert testimony, it mischaracterized facts. Id. at 11-12.

## Analysis

**I.    Basis For Relief Requested In Defendant's Motion (Doc. #277)**

Initially, the Court addresses how to construe defendant's motion. Although defendant has filed his motion under Rule 60(b)(3) and 60(b)(6), Fed. R. Civ. P., the Court must determine if the motion is in fact an unauthorized second or successive petition under 28 U.S.C. § 2255. See United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) (relief sought, not pleading's title, determines whether pleading is Section 2255 motion); United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (to allow petitioner to avoid bar against successive habeas petitions by styling petition under different name would severely erode procedural restraints under Sections 2244(b)(3) and 2255). To determine whether a Rule 60(b) motion represents a second or successive petition, a "true" Rule 60(b) motion, or a "mixed" motion, the Court considers separately each issue raised in the motion. Spitznas v. Boone, 464 F.3d 1213, 1224 (10th Cir. 2006). In the case of a mixed motion, the Court (1) addresses the merits of the true Rule 60(b) allegations as it would in any other

Rule 60(b) motion and (2) forwards the second or successive claims to the Tenth Circuit for authorization if doing so is in the interest of justice. Alford v. Cline, No. 17-3017, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017); Spitznas, 464 F.3d at 1217.

The Court deems an issue raised in a Rule 60(b) motion to be part of a second or successive Section 2255 motion unless it (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas, 464 F.3d at 1215-16. An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1215.

Defendant's four issues of fraud concerning the grand jury and trial proceedings do not assert defects in the prior "federal habeas proceeding." Id. at 1216. They present a merits-based attack on the Court's ruling on his first Section 2255 motion. Accordingly, the Court construes these claims as part of a second or successive Section 2255 motion. See id. at 1215-16 (second or successive claims in substance or effect assert or reassert federal basis for relief); see also United States v. Moreno, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to conviction not true Rule 60(b) motion); United States v. Scott, 644 F. App'x 837, 838-39 (10th Cir. 2016) (fraud allegations related to grand jury proceedings properly construed as successive petition under Section 2255); United States v. Claycomb, 577 F. App'x 845, 846-47 (10th Cir. 2014) (fraud claims that reargue legal standard for establishing drug quantity not true Rule 60(b) claims); United States v. Baker, 718 F.3d 1204, 1206-

07 (10th Cir. 2013) (fraud allegations related to underlying criminal proceedings construed under Section 2255, claims did not challenge integrity of habeas proceedings).

In his fifth claim of fraud, defendant asserts that the government misrepresented facts during the Section 2255 proceedings. Although this claim asserts a defect in the habeas proceeding, it involves a merits-based attack on the disposition of his prior petition. The Court therefore treats defendant's fifth claim of fraud as part of a second or successive Section 2255 motion. See Spitznas, 464 F.3d at 1215-16.

Defendant also asserts claims of judicial error. He alleges that during the Section 2255 proceeding, the Court erred because (1) it did not adjudicate his claim under Brady v. Maryland, 373 U.S. 83 (1963) and (2) in addressing his claim that at trial, certain lay witnesses gave expert testimony, it mischaracterized facts. Id. at 11-12. Based on defendant's failure to raise these claims on direct appeal, the Court previously overruled defendant's claims of judicial error. See Memorandum And Order (Doc. #242) at 8.[3] Because the Court decided these particular issues on a procedural ground, the Court treats defendant's present claims of judicial error as part of a "true" Rule 60(b) challenge to this procedural ruling. See Spitznas, 464 F.3d at 1224-25 (allegation that court failed to reach merits during prior proceeding is "true" Rule 60(b) claim).

## II. Relief Under Fed. R. Civ. P. 60(b)

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b). See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v.

---

[3] In addition, the Court noted that defendant's claims related to Brady and lay witness testimony lacked substantive merit. See id. at 11-16.

Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendant asserts claims of judicial error under Rule 60(b)(6). Claims of judicial mistake (both of law and of fact) ordinarily must be raised under Rule 60(b)(1). Yapp, 186 F.3d at 1231 (Rule 60(b)(1) provides for reconsideration where party has made excusable litigation mistake, attorney acted without authority or court made substantive mistake of law or fact in final judgment or order). A party cannot assert judicial mistake in a Rule 60(b)(1) motion unless the motion is filed by the deadline for filing a notice of appeal. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996); see also Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 461 (8th Cir. 2000) (Rule 60(b)(1) motion alleging "judicial inadvertence" must be made within period allowed for appeal). Upon a showing of excusable neglect, a Rule 60(b)(1) motion can be filed as late as one year after the judgment or ordered entered. See Fed. R. Civ. P. 60(c)(1) (motion under Rule 60(b)(1), (2) or (3) must be made within reasonable time no more than one year after entry of

judgment or order); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (if party is partly to blame for delay, neglect must be excusable and relief must be sought within one year under subsection (1)). Here, defendant cannot assert a motion under Rule 60(b)(1) nearly one year after the Court ruled on his Section 2255 motion.

Because his motion is untimely under Rule 60(b)(1), defendant has asserted his claims of judicial error under Rule 60(b)(6), which requires that he file the motion within a "reasonable time" after entry of the challenged judgment or order. See Fed. R. Civ. P. 60(c)(1). While Rule 60(b)(6) embraces the broad equitable powers of district courts, the Court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when it offends justice to deny relief. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005); Yapp, 186 F.3d at 1232. For several reasons, defendant has not satisfied these standards.

First, Rule 60(b)(6) cannot be invoked to challenge judicial mistakes which the party should have raised under Rule 60(b)(1). The Supreme Court has noted that Rule 60(b)(6) is "mutually exclusive" with the other subsections of Rule 60(b). Pioneer, 507 U.S. at 393. A party who fails to take timely action under subsections (1) through (5) may not seek relief later by resorting to subsection (6). Id.; Liljeberg v. Health Sers. Acquisition Corp., 486 U.S. 847, 863, and n.11 (1988); see Wallace v. McManus, 776 F.2d 915, 916 (10th Cir. 1985) (Rule 60(b)(6) relief not available if asserted grounds for relief covered by another provision of Rule 60(b)). Because defendant did not timely seek relief from the alleged mistake of law under Rule 60(b)(1), he is not entitled to relief under Rule 60(b)(6).

Second, Rule 60(b)(6) cannot be used as a substitute for raising arguments on direct appeal or as a challenge to the appellate court's earlier ruling. See Cummings v. Gen. Motors Corp.,

365 F.3d 944, 955 (10th Cir. 2004) (relief under Rule 60(b) not substitute for appeal); see also Cashner, 98 F.3d at 580 (broad power granted by subsection (6) not for purpose of relieving party from free, calculated and deliberate choices; party has duty to take legal steps to protect interests). Here, the Tenth Circuit denied a certificate of appealability. In doing so, the Tenth Circuit found that defendant had not shown that reasonable jurists would find debatable this Court's procedural ruling. See Order Denying Certificate Of Appealability And Dismissing Appeal (Doc. #259) at 2. Rule 60(b)(6) relief is not an alternative to the normal appeal process or an additional avenue to challenge the appellate court's ruling.

Finally, defendant has not shown extraordinary circumstances which justify relief or that denying relief would offend justice. Defendant's only true Rule 60(b) argument is that this Court erred by finding that his failure to raise his claims of judicial error on direct appeal barred the Court's consideration of such claims as part of a Section 2255 motion. This Court and the Tenth Circuit already considered this precise procedural issue and gave defendant an adequate forum to address his claims. See Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (Rule 60(b)(6) relief available only where exceptional circumstances have denied moving party full and fair opportunity to litigate claim and have prevented party from receiving adequate redress); Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994) (exceptional circumstances relevant only where they bar adequate redress). Defendant merely seeks to reargue the issue and to raise new arguments that could have been raised in his earlier Section 2255 motion or on appeal. See Lebahn v. Owens, 813 F.3d 1300, 1306 (10th Cir. 2016) (Rule 60(b) motion not appropriate vehicle to advance new arguments or supporting facts available but not raised at time of original argument). In addition to the limitations under Rule 60(b), the law of the case doctrine counsels against any attempt to

reconsider an issue that the Tenth Circuit has already adjudicated. See Arizona v. California, 460 U.S. 605, 618 (1983) (under law of case doctrine, once court decides rule of law, decision continues to govern same issues in subsequent stages in same case).

In sum, the Court declines to grant relief under Rule 60(b).

## III.    Relief Under 28 U.S.C. § 2255

Defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals

certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, defendant largely raises the same claims based on the absence of a complaint, his interpretation of certain testimony, the significance of certain facts and the jury instructions. This Court and the Tenth Circuit have already addressed these claims or closely-related ones. Defendant has not asserted "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**IV.     Motion For An Investigation (Doc. #276)**

Defendant asks the Court to direct that a delegate of the Attorney General or the Director of the Federal Bureau of Investigations ("FBI") investigate whether government officers obstructed justice in his criminal prosecution. See Doc. #276 at 1 (citing 28 U.S.C. § 535). Section 535(a) provides in relevant part that the "Attorney General and the Federal Bureau of Investigation may investigate any violation of title 18 involving Government officers and employees." Under the statute, the Attorney General and the FBI have discretion to investigate a complaint of criminal wrongdoing. Because the decision to investigate is discretionary, the Court lacks authority to compel the Attorney General or the FBI to initiate an investigation. See Parker v. Cain, 266 F. App'x 359, 359-60 (5th Cir. 2008); see also Anderson v. United States, 48 F. App'x 794 (D.C. Cir. 2002) (Attorney General's discretionary authority to investigate complaints presumptively not subject to judicial review). The Court therefore overrules defendant's motion to investigate.

### V.     Motion To Reconsider (Doc. #278)

Defendant renews his request for an official copy of the indictment to show the elements of the specific offenses charged. As explained in the Order (Doc. #275) filed July 28, 2017, defendant has a pending appeal in this matter and the indictment is readily accessible to the appellate court. Defendant has not shown that an "official record" of the indictment is necessary to support his appeal or for any other reason.

**IT IS THEREFORE ORDERED** that defendant's Motion Under Federal Rule Of Civil Procedure 60(b)(3), (6) (Doc. #277) filed July 31, 2017, which the Court also construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is **OVERRULED in part and DISMISSED in part**. **Defendant's motion to reconsider under Rule 60(b)(3) and (6), Fed. R. Civ. P., (Doc. #277) is OVERRULED. Defendant's second or successive motion to vacate sentence under 28 U.S.C. § 2255 (Doc. #279) is DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's Motion For An Investigation For Obstruction Of Justice Pursuant To 28 U.S. Code § 535 (Doc. #276) filed July 31, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion To Reconsider Pursuant To Fed. Rule Of Civil Procedure 59 (Doc. #278) filed August 14, 2017 is **OVERRULED.**

Dated this 22nd day of August, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
