# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 11-20085-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| RODNEY MCINTOSH, | ) | **No. 17-2596-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On June 18, 2013, the Court sentenced defendant to 144 months in prison. On August 5, 2016, the Court overruled defendant's motion to vacate sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #242). On September 23, 2016, the Court overruled defendant's motion to reconsider. See Memorandum And Order (Doc. #252). Defendant appealed. On January 24, 2017, the Tenth Circuit Court of Appeals denied defendant's request for a certificate of appealability and dismissed his appeal. See Order Denying Certificate Of Appealability And Dismissing The Appeal (Doc. #259). On April 17, 2017, the Court dismissed defendant's motion to set aside his convictions. See Memorandum And Order (Doc. #261). On June 15, 2017, the Court overruled defendant's motion to reconsider. See Memorandum And Order (Doc. #270). On August 22, 2017, the Court dismissed defendant's Motion Under Federal Rule Of Civil Procedure 60(b)(3), (6) (Doc. #277), which the Court also construed as a second or successive motion under 28 U.S.C. § 2255, and overruled defendant's Motion For An Investigation For Obstruction Of Justice Pursuant To 28 U.S.C. § 535 (Doc. #276) and defendant's Motion To Reconsider Pursuant To Fed. Rule Of Civil Procedure 59 (Doc. #278). This matter is before the Court on defendant's Motion To Reconsider Pursuant To Fed. R. Civil Procedure 59 (Doc. #282)

defendant's <u>Motion For Disqualification Of Judge Kathryn H. Vratil Pursuant To 28 U.S. Code § 455(a)(b)(1)</u> (Doc. #283) and defendant's <u>Petition For 28 U.S. Code § 1651 Writ</u> (Doc. #284), all filed September 8, 2017, which the Court construes as a supplemental motion to reconsider. For reasons stated below, the Court overrules defendant's motions.

## Analysis

### I. Motion To Disqualify (Doc. #283)

Defendant asks the undersigned judge to recuse from deciding further motions in his case. Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. <u>Switzer v. Berry</u>, 198 F.3d 1255, 1257 (10th Cir. 2000); <u>see also</u> Code of Conduct for United States Judges, Canon 3, § C(1) (judge shall disqualify herself in proceeding in which judge's impartiality might reasonably be questioned). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the Court. <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995). The statute is not intended to give litigants a veto power over judges or as a vehicle for obtaining a judge of their choice. <u>United States v. Cooley</u>, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. <u>Hinman</u>, 831 F.2d at 939.

Here, defendant asserts that he intends to file a tort claim against the United States based on the undersigned judge's directions to have deputy marshals assault him at sentencing. <u>Motion For Disqualification</u> (Doc. #283) at 1. Based on defendant's disruptive behavior in the courtroom, the Court moved the sentencing hearing to a holding cell. Defendant's claim that the Court instructed

deputy marshals to assault him is unsubstantiated and frivolous. See United States v. Sealander, 1996 WL 408368, at *19 (10th Cir. July 19, 1996) (affirming denial of recusal motion based on unsubstantiated and facially frivolous complaint against judge).

Defendant next claims that the judge's impartiality has "consistently been subjected to racial and prejudice skepticism by [him]." Motion For Disqualification (Doc. #283) at 1. Defendant's subjective beliefs and skepticism are insufficient to warrant recusal. In addition, adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554-55 (1994). Defendant has not identified any such stated opinions. As to adverse rulings, defendant has the potential remedy of an appeal to address any claims that the Court misapplied the law.

Finally, defendant claims that the undersigned judge's rulings reflect racial bias because they disproportionately imprison more blacks than whites. Motion For Disqualification (Doc. #283) at 2. Defendant has not cited any statistics and the Court is not aware of any readily available statistics which show a comparative analysis of sentences for a particular judge based on race and type of crime. In any event, statistics alone cannot support a claim of recusal, particularly in the criminal context in which the Court sentences each criminal defendant based on an array of factors. See 18 U.S.C. § 3553(a); see also Matter of Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984) (unfavorable rulings alone legally insufficient to require recusal on grounds of personal bias even when number of unfavorable rulings extraordinarily high on statistical basis); In re Int'l Bus. Machines Corp., 618 F.2d 923, 930 (2d Cir. 1980) (trial judge must be free to make rulings on merits without apprehension that if she makes disproportionate number in favor of one litigant, she may

have created impression of bias; judicial independence cannot be subservient to statistical study of rulings made during litigation).

A reasonable person with access to the relevant facts would not question the impartiality of the undersigned judge. The conduct and rulings here were based upon the case before the undersigned judge, not some extra-judicial source, and they do not reflect deep-seated favoritism or antagonism that would make fair judgment impossible. See Liteky, 510 U.S. at 555-56 (expressions of impatience, dissatisfaction, annoyance and even anger do not support bias challenge unless they display deep-seated favoritism or antagonism); United States v. Wisecarver, 644 F.3d 764, 771-72 (8th Cir. 2011) (no reasonable observer would have perceived that judge could not continue to rule impartially in subsequent proceedings despite comment at sentencing that defendant's factual argument was "just a figment of his imagination" and finding for sentencing purposes that defendant committed assault despite jury acquittal on that count); United States v. Stewart, 378 F. App'x 773, 776-77 (10th Cir. 2010) (recusal not required based on comment that defendant "cannot control himself in any context, let alone before a jury"); Hinman, 831 F.2d at 939 (judge should not recuse on unsupported, irrational or highly tenuous speculation); cf. Berger v. United States, 255 U.S. 22, 28 (1921) (finding extreme bias where district judge stated that it was difficult "not to be prejudiced against the German Americans" because "[t]heir hearts are reeking with disloyalty"). The Court therefore overrules defendant's motion under Section 455(a).[1]

## II.    Motion To Reconsider (Doc. #282)

Plaintiff asks the Court to reconsider its Memorandum And Order (Doc. #280) which

---

[1]    In addition, under Section 455(b)(l), a judge must disqualify herself if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against defendant. See Liteky, 510 U.S. at 554-55 (bias and prejudice must come from extrajudicial source).

dismissed his second or successive motion under Section 2255 and overruled his motions to reconsider and for an investigation. Under Rule 59(e), Fed. R. Civ. P., the Court has discretion to reconsider a final decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. Id.; Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996).

Defendant argues that the Court erroneously found that his Rule 60(b) motion was submitted "nearly one year after the Court ruled on his Section 2255 motion." Doc. #282 at 2. Defendant notes that he actually filed his motion several days before the one-year deadline. The Court's order did not suggest otherwise. As explained in the order, absent excusable neglect, defendant ordinarily must raise claims of judicial error under Rule 60(b)(1) by the deadline for filing a notice of appeal. Memorandum And Order (Doc. #280) at 7-8 (citations omitted). Because defendant did not sufficiently allege or establish excusable neglect for raising his claims beyond the deadline to appeal, the Court overruled them. Id. at 8. Defendant has not shown any factual or legal error in the Court's rulings. Accordingly, the Court overrules defendant's motion to reconsider.

## III.    Relief Under 28 U.S.C. § 1651

Writs under the All Writs Act, 28 U.S.C. § 1651, such as *audita querela* and *coram nobis* are unavailable to a defendant when other remedies exist (such as a motion to vacate sentence under

28 U.S.C. § 2255).[2]  See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).  After a

defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a

challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective.  See

United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164,

166 (10th Cir. 1996).  Failure to obtain relief under Section 2255 does not establish that the remedy

so provided is either inadequate or ineffective.  Bradshaw, 86 F.3d at 166.  A defendant cannot avoid

the bar against successive Section 2255 petitions by simply styling a petition under a different name.

Torres, 282 F.3d at 1246.

Here, defendant's petition asserts errors in the prior Section 2255 proceeding, not additional

grounds to vacate his conviction.  Accordingly, the Court construes defendant's petition under the

All Writs Act as a supplemental motion to reconsider.  In his motion, defendant asks the Court to

reconsider his claims that (1) the Court violated his due process rights because it sentenced him

above the statutory maximum term of imprisonment as stated in the indictment and as explained by

the magistrate judge and (2) the Court did not correctly instruct the jury.  Defendant has not shown

an adequate basis for relief under Rules 59(e) or 60(b).  Defendant has simply rehashed arguments

that the Court previously rejected.  Servants of Paraclete, 204 F.3d at 1012.  For substantially the

---

[2]        The writ of *audita querela* is used to challenge a judgment that was correct at the
time it was entered but which would be unjust to execute because of matters which arose after it was
entered.  Torres, 282 F.3d at 1245 n.6; Oliver v. City of Shattuck ex rel. Versluis, 157 F.2d 150, 153
(10th Cir. 1946).  The Tenth Circuit has questioned whether a writ of *audita querela* may ever issue
in the criminal context.  See United States v. Ballard, 334 F. App'x 141, 143 (10th Cir. 2009).
        A writ of *coram nobis* is available only to correct errors resulting in a complete miscarriage
of justice or under circumstances compelling such action to achieve justice.  28 U.S.C. § 1651(a);
United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994).  A defendant may seek a writ of *coram
nobis* if he is no longer in custody and therefore ineligible for relief under 28 U.S.C. § 2255.  United
States v. Estrada, 580 F. App'x 672, 673 (10th Cir. 2014) (citation omitted).

-6-

reasons stated in prior orders, the Court finds no legal or factual basis to reconsider its Memorandum And Order (Doc. #280).

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider Pursuant To Fed. R. Civil Procedure 59 (Doc. #282) filed September 8, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion For Disqualification Of Judge Kathryn H. Vratil Pursuant To 28 U.S. Code § 455(a)(b)(1) (Doc. #283) filed September 8, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Petition For 28 U.S. Code § 1651 Writ (Doc. #284) filed September 8, 2017, which the Court construes as a supplemental motion to reconsider, is **OVERRULED.**

Dated this 18th day of October, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge