IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 11-20085-01-KHV |
| ) | |
| RODNEY MCINTOSH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 18, 2013, the Court sentenced defendant to 144 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S. Code § 1361 (Doc. #292) filed October 20, 2017, which the Court also construes as a motion to return legal materials.

## Factual Background

After trial but before sentencing, the Court allowed defendant to proceed pro se. At that time, defendant was incarcerated at Corrections Corporation of America ("CCA") in Leavenworth, Kansas. After defendant apparently attempted to send discovery materials to third parties, the government filed a motion to prohibit defendant from disseminating discovery to any other person. United States' Motion For Order Governing Dissemination Of Discovery By Defendant (Doc. #136) filed May 17, 2013. The government also asked that after sentencing, defendant return all discovery materials to CCA personnel so that CCA could return the materials to the government. Id. at 4. At sentencing, government counsel informed the Court that (1) the discovery materials appeared to be in the courtroom and (2) after sentencing, the government intended to instruct CCA not to make discovery available to defendant. Transcript Of Sentencing (Doc. #191) at 275-76. Government counsel noted that if defendant appealed and the Tenth Circuit appointed counsel, the government

could address the issue of access to discovery materials through counsel. <u>Id.</u> at 276. Accordingly, the Court overruled the government's motion as moot.

## **Analysis**

Defendant argues that at the conclusion of sentencing on June 18, 2013, the government "illegally confiscated his personal information, legal resources and discovery materials." <u>Motion Under 28 U.S. Code § 1361</u> (Doc. #292) at 2. Defendant asks the Court to order the government to return these materials.

**I.     Motion For A Writ Of Mandamus**

Defendant seeks relief under 28 U.S.C. § 1361, which bestows original jurisdiction upon district courts for mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a drastic remedy available only in extraordinary situations. <u>See</u> <u>In re Antrobus</u>, 519 F.3d 1123, 1124 (10th Cir. 2009). To prevail on a mandamus petition, petitioner must show (1) a clear and indisputable right to the writ, (2) a plainly defined duty on the part of respondent to perform a ministerial action, and (3) no other adequate remedy is available. <u>Wilder v. Prokop</u>, 846 F.2d 613, 620 (10th Cir. 1988); <u>see</u> <u>Reed v. Crofts</u>, 691 F. App'x 552, 553 (10th Cir. 2017). Defendant has not shown that the government had a nondiscretionary duty to return anything to him or that other remedies are not available. Accordingly, the Court dismisses defendant's motion for a writ of mandamus for lack of jurisdiction. <u>See</u> <u>Marquez-Ramos v. Reno</u>, 69 F.3d 477, 479 (10th Cir. 1995) (whether particular act discretionary or ministerial rises to jurisdictional level); <u>Carpet, Linoleum & Resilient Tile Layers v. Brown</u>, 656 F.2d 564, 567 (10th Cir. 1981) (test for jurisdiction is whether mandamus would be appropriate means of relief); <u>see also</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984) (writ

of mandamus intended to provide remedy only where petitioner exhausted other avenues of relief and defendant owes him clear nondiscretionary duty).

## II.     Motion To Return Legal Materials

Defendant seeks return of various "legal resources and discovery materials," but he has not specified what materials the government confiscated other than discovery in this case.[1]  Defendant also has not shown a particularized need for the materials or explained why they are necessary to decide any matter in this closed criminal case.  In his reply, defendant argues that the materials are necessary to "litigate his actual innocence." McIntosh Response To Plaintiff's Motion (Doc. #302) filed March 27, 2018 at 3.  Defendant has not shown that absent the materials, he cannot prepare a request to file a successive Section 2255 motion based on actual innocence.[2]  Defendant has not shown a particularized need for the materials and it does not appear that any of the discovery materials would constitute "newly discovered" evidence within the meaning of Section 2255(h)(1). See 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents

---

[1]   In his reply, defendant states that the materials were inside "a large brown cardboard box with personal photographs, legal documents," McIntosh Response To Plaintiff's Motion (Doc. #302) filed March 27, 2018 at 1, but he does not specify the nature of the legal documents or how the photographs or documents relate to this case.  Defendant refers to his affidavit filed June 28, 2013, which asserted that he could not pursue his appeal pro se without certain "legal resources and discovery materials" that the government took at the conclusion of sentencing.  See Motion Under 28 U.S. Code § 1361 (Doc. #292) (citing Affidavit Of Constitutional Violations (Doc. #178) at 1-2). The affidavit does not clarify the specific materials in dispute.  In his affidavit, defendant also asked for legal counsel on appeal, which the Tenth Circuit granted.  See Order (Doc. #180) filed July 2, 2013.

[2]   Defendant has submitted at least two requests to file successive Section 2255 motions.  The Tenth Circuit denied defendant's most recent request because he failed to show evidence of actual innocence that was "newly discovered" within the meaning of 28 U.S.C. § 2255(h)(1).  Order (Doc. #301) filed March 13, 2018 at 2; see also Order (Doc. #301) filed January 25, 2018 (denying authorization because claims not based on newly discovered evidence or new rule of constitutional law).

-3-

as judge may require); see also Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit). Accordingly, the Court overrules defendant's request to return legal materials.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S. Code § 1361 (Doc. #292) filed October 20, 2017, which the Court also construes as a motion to return legal materials, is **DISMISSED** for lack of jurisdiction to the extent defendant seeks a writ of mandamus under 28 U.S.C. § 1361 and is otherwise **OVERRULED**.

Dated this 17th day of April, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
