IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 11-20085-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| RODNEY MCINTOSH, ) | No. 18-2186-KHV |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

On June 18, 2013, the Court sentenced defendant to 144 months in prison. This matter is before the Court on defendant's Motion [Under] Federal Rule Of Civil Procedure 60(b) (Doc. #299) filed March 5, 2018, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

### **Factual Background**

On October 6, 2011, a grand jury charged Rodney McIntosh with nine counts of forcible assault against Bureau of Prisons ("BOP") employees in violation of 18 U.S.C. § 111(a)(1). See Indictment (Doc. #1). Each count pertained to different incidents involving various BOP employees.

After a seven-day trial, a jury found defendant not guilty on Count 1 and guilty on Counts 2 through 9. Shortly after trial, defendant filed several pro se motions and asked the Court to appoint new counsel. On February 13, 2013, defendant withdrew his request for new counsel. In March of 2013, the Court sustained defendant's request to proceed pro se. Subsequently, the Court overruled some 40 pro se post-trial defense motions.

On June 18, 2013, defendant proceeded pro se at sentencing. Defendant's total offense level

was 20, with a criminal history category VI, resulting in a guideline range of 70 to 87 months in prison. The statutory penalty under each count did not include a minimum term but included a maximum term of eight years in prison. See 18 U.S.C. § 111(a)(1). The Court sentenced defendant to a total term of 144 months in prison. The term of imprisonment consisted of 96 months on each of Counts 2 through 8, to be served concurrently, and 96 months on Count 9, of which 48 months to be served consecutively to the other counts and 48 months to be served concurrently to the other counts.

Defendant appealed. On appeal, defendant argued that the Court erred in overruling his motion to dismiss and that his sentence was procedurally and substantively unreasonable. On July 30, 2014, the Tenth Circuit affirmed. See United States v. McIntosh, 573 F. App'x 760 (10th Cir. 2014). On December 8, 2014, the Supreme Court denied defendant's petition for a writ of certiorari. See United States v. McIntosh, 135 S. Ct. 768 (2014).

On August 5, 2016, the Court overruled defendant's initial Section 2255 motion and numerous related motions. See Memorandum And Order (Doc. #242). On January 24, 2017, the Tenth Circuit denied a certificate of appealability and dismissed defendant's appeal. See Order Denying Certificate Of Appealability And Dismissing Appeal (Doc. #259).

On March 5, 2018, defendant filed the instant motion for relief under Rule 60, Fed. R. Civ. P. Defendant argues that in ruling on his Section 2255 motion, the Court erred in overruling his claim that his sentence of 144 months exceeds the statutory maximum of 96 months on each count.

## Analysis

**I.    Basis For Relief Requested In Defendant's Motion**

Initially, the Court addresses how to construe defendant's motion. Although defendant has

filed his motion under Rule 60(b), Fed. R. Civ. P., the Court must determine if the motion is in fact an unauthorized second or successive petition under 28 U.S.C. § 2255. See United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) (relief sought, not pleading's title, determines whether pleading is Section 2255 motion); United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (to allow petitioner to avoid bar against successive habeas petitions by styling petition under different name would severely erode procedural restraints under Sections 2244(b)(3) and 2255). To determine whether a Rule 60(b) motion represents a second or successive petition, a "true" Rule 60(b) motion, or a "mixed" motion, the Court considers separately each issue raised in the motion. Spitznas v. Boone, 464 F.3d 1213, 1224 (10th Cir. 2006). In the case of a mixed motion, the Court (1) addresses the merits of the true Rule 60(b) allegations as it would in any other Rule 60(b) motion and (2) if doing so is in the interest of justice, forwards the second or successive claims to the Tenth Circuit for authorization. Alford v. Cline, 696 F. App'x 871, 873 (10th Cir. 2017); Spitznas, 464 F.3d at 1217.

The Court deems an issue raised in a Rule 60(b) motion to be part of a second or successive Section 2255 motion unless it (1) challenges only a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas, 464 F.3d at 1215-16. An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1215.

Defendant argues that the Court erred in overruling his prior claim that his sentence of

-3-

144 months exceeds the statutory maximum of 96 months on each count.  <u>Motion [Under] Federal Rules Of Civil Procedure 60(b)</u> (Doc. #299) at 3.  In ruling on defendant's Section 2255 motion, the Court held that defendant's claim was procedurally barred because he had not raised the issue on direct appeal and that his claim lacked substantive merit.  <u>Memorandum And Order</u> (Doc. #242) at 8-9, 25-26.  The Tenth Circuit denied a certificate of appealability based on this Court's procedural ruling that his claim was barred because he did not raise it on direct appeal.  <u>Order Denying Certificate Of Appealability And Dismissing Appeal</u> (Doc. #259) at 2-3.  In his present motion, defendant does not challenge this Court's procedural bar ruling.  Instead, defendant challenges the Court's ruling that his claim lacked substantive merit.  Defendant's present claim leads inextricably to a merits-based attack on the disposition of his prior Section 2255 motion.  In substance, defendant argues that his original sentence was erroneous.  The Court therefore construes this claim as part of a successive motion to vacate under 28 U.S.C. § 2255.  <u>See</u> <u>Spitznas</u>, 464 F.3d at 1215-16 (second or successive claims in substance or effect assert or reassert federal basis for relief); <u>United States v. Moreno</u>, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to conviction not true Rule 60(b) motion).

## II.     Relief Under 28 U.S.C. § 2255

Defendant previously filed a Section 2255 motion.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  <u>See</u> 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice

pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claim does not satisfy the authorization standards under Section 2255, the Court overrules his motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, defendant has not asserted "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. He simply attempts to reargue a claim raised in his initial Section 2255 motion. For these reasons, the Court declines to transfer the present motion to the Court of Appeals.

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion [Under] Federal Rule Of Civil Procedure 60(b) (Doc. #299) filed March 5, 2018, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 17th day of April, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).