IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-20085-01-KHV |
| RODNEY MCINTOSH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

On June 18, 2013, the Court sentenced defendant to 144 months in prison. This matter is before the Court on Defendant's Motion To Inspect Under 28 U.S. Code § 1861 Et Seq. (Doc. #307) filed April 30, 2018. For reasons stated below, the Court overrules defendant's motion.

Defendant seeks to inspect jury records so that he can raise a challenge to jury selection procedures in this case. The Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq., provides in pertinent part as follows: "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The Jury Act's fair cross section requirement parallels a defendant's Sixth Amendment right to trial by an impartial jury. United States v. Shinault, 147 F.3d 1266, 1270 (10th Cir. 1988); see Taylor v. Louisiana, 419 U.S. 522, 526-31 (1975).

Federal court litigants have "essentially an unqualified right to inspect jury lists" to aid in preparing motions to challenge jury selection procedures. Test v. United States, 420 U.S. 28, 30 (1975); see 28 U.S.C. § 1867. To challenge the jury selection procedures in a criminal case, however, defendant must file a motion to dismiss "before the voir dire examination begins, or within

seven days after [he or she] discovered or could have discovered, by the exercise of diligence, the grounds therefor, *whichever is earlier.*"  28 U.S.C. § 1867(a) (emphasis added).  Because defendant's statutory challenge would be untimely, he is not entitled to inspect jury records in an attempt to find support for such a claim.  United States v. Sanders, 368 F. App'x 870, 872 (10th Cir. 2010).

Defendant also apparently seeks to raise a constitutional challenge to his conviction under 28 U.S.C. § 2255, which potentially could be raised despite his failure to timely challenge the jury selection procedure under Section 1867.[1]  Defendant's Motion To Inspect (Doc. #307) at 3; see United States v. Green, 435 F.3d 1265, 1269-70 (10th Cir. 2006) (whether failure to comply with time limits under Jury Act bars Sixth Amendment challenge presents difficult issue); 28 U.S.C. § 1867(e) (procedures prescribed by section shall be exclusive means by which person accused of Federal crime, Attorney General or party in civil case may challenge jury on ground that it was not selected in conformity with provisions of this title).  The deadline to file a Section 2255 motion passed some 30 months ago.[2]  In addition, defendant previously filed a Section 2255 motion so any successive motion must meet the stringent gatekeeping requirements of Section 2255(h).[3]  Defendant

---

[1] The Court declines to construe defendant's present motion as a motion to vacate under 28 U.S.C. § 2255 because defendant only seeks information to support a potential challenge to his conviction and sentence.

[2] Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.  See 28 U.S.C. § 2255.  On December 8, 2014, the Supreme Court denied defendant's petition for a writ of certiorari.  See United States v. McIntosh, 135 S. Ct. 768 (2014).  Therefore, defendant had until December 8, 2015 to file his Section 2255 motion or any amendments thereto.

[3] A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court only if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and
(continued...)

has not explained how he could satisfy any statutory exception to the one-year limitation period or the bar on second or successive motions. Absent viable means to raise a constitutional challenge to the jury selection procedure, defendant has no need to inspect jury records. <u>Sanders</u>, 368 F. App'x at 873. Therefore the Court overrules defendant's request.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Inspect Under 28 U.S. Code § 1861 Et Seq.</u> (Doc. #307) filed April 30, 2018 is **OVERRULED**.

Dated this 4th day of June, 2018 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u><br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[3](...continued)
convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).