**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 11-20085-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| RODNEY O. MCINTOSH, | ) | No. 18-2710-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On December 12, 2012, a jury found defendant guilty of eight counts of forcible assault. On June 18, 2013, the Court sentenced defendant to 144 months in prison. This matter is before the Court on defendant's [Motion For] Writ Of Mandamus Pursuant To 28 U.S.C. § 1361 (Doc. #312) filed June 15, 2018 and defendant's Motion For Relief Under Federal Rules Of Civil Procedure 60(b) (Doc. #313) filed June 15, 2018, which the Court construes as both a motion for relief under Rule 60(b), Fed. R. Civ. P., and a second or successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court overrules defendant's Rule 60(b) motion, dismisses for lack of jurisdiction defendant's motion for writ of mandamus and Section 2255 motion, and denies a certificate of appealability.

## Factual Background

On October 6, 2011, a grand jury charged Rodney McIntosh with nine counts of forcible assault against Bureau of Prisons ("BOP") employees in violation of 18 U.S.C. § 111(a)(1). See Indictment (Doc. #1). Each count pertained to different incidents involving various BOP employees.

After a seven-day trial, a jury found defendant not guilty on Count 1 and guilty on Counts 2 through 9. On June 18, 2013, defendant proceeded pro se at sentencing. Defendant's total offense level was 20, with a criminal history category VI, resulting in a guideline range of 70 to 87 months in prison. The statutory penalty under each count did not include a minimum term but included a maximum term of eight years in prison. See 18 U.S.C. § 111(a)(1). The Court sentenced defendant to a total term of 144 months (12 years) in prison. The term of imprisonment consisted of 96 months (8 years) on each of Counts 2 through 8, to be served concurrently, and 96 months (8 years) on Count 9, of which 48 months would be served consecutively to the other counts and 48 months would be served concurrently with the other counts.

Defendant appealed. On appeal, defendant argued that the Court erred in overruling his motion to dismiss and that his sentence was procedurally and substantively unreasonable. On July 30, 2014, the Tenth Circuit affirmed. See United States v. McIntosh, 573 F. App'x 760 (10th Cir. 2014). On December 8, 2014, the Supreme Court denied defendant's petition for a writ of certiorari. See United States v. McIntosh, 135 S. Ct. 768 (2014).

On August 5, 2016, the Court overruled defendant's initial Section 2255 motion and numerous related motions. See Memorandum And Order (Doc. #242). On January 24, 2017, the Tenth Circuit denied a certificate of appealability and dismissed defendant's appeal. See Order Denying Certificate Of Appealability And Dismissing Appeal (Doc. #259).

On April 17, 2018, the Court overruled defendant's request for return of legal materials which the government retained after his sentencing hearing and dismissed his motion for a writ of mandamus to compel the government to return the materials. See Memorandum And Order (Doc. #303).

On four occasions this year, the Tenth Circuit has denied defendant authorization to file a

second or successive Section 2255 motion.  See In re McIntosh, No. 18-3102 (10th Cir. May 30, 2018) (unpublished order); In re McIntosh, No. 18-3077 (10th Cir. Apr. 24, 2018) (unpublished order); In re McIntosh, No. 18-3031 (10th Cir. Mar. 12, 2018) (unpublished order); In re McIntosh, No. 18-3006 (10th Cir. Jan. 25, 2018) (unpublished order).

On June 15, 2018, defendant filed the instant motions.  Defendant renews his request to compel the government to return his legal materials which the government retained after his sentencing hearing.  [Motion For] Writ Of Mandamus Pursuant To 28 U.S.C. § 1361 (Doc. #312) at 1-2.  Defendant also argues that in ruling on his Section 2255 motion, the Court committed three procedural errors: (1) it did not hold an evidentiary hearing; (2) it did not expand the record before ruling on his motion; and (3) it overruled claims of judicial error based on defendant's failure to raise the issues on direct appeal.  Motion For Relief Under Federal Rules Of Civil Procedure 60(b) (Doc. #313) at 1-3.

## Analysis

### I.    Motion For Writ Of Mandamus (Doc. #312)

After trial but before sentencing, the Court allowed defendant to proceed pro se.  At that time, defendant was incarcerated at Corrections Corporation of America ("CCA") in Leavenworth, Kansas.  After defendant apparently attempted to send discovery materials to third parties, the government filed a motion to prohibit defendant from disseminating discovery to any other person. United States' Motion For Order Governing Dissemination Of Discovery By Defendant (Doc. #136) filed May 17, 2013.  The government also asked that after sentencing, defendant return all discovery materials to CCA personnel so that CCA could return the materials to the government. Id. at 4.  At sentencing, government counsel informed the Court that (1) the discovery materials appeared to be in the courtroom so the requested order might not be necessary and (2) after

-3-

sentencing, the government intended to instruct CCA not to make discovery available to defendant. Transcript Of Sentencing (Doc. #191) at 275-76. Government counsel noted that if defendant appealed and the Tenth Circuit appointed counsel, the government could address the issue of access to discovery materials through counsel. Id. at 276. Accordingly, the Court overruled the government's motion as moot.

As noted, on April 17, 2018, the Court overruled defendant's request for return of legal materials which the government retained at the sentencing hearing and dismissed his motion for a writ of mandamus to compel the government to return the materials. See Memorandum And Order (Doc. #303). Defendant has renewed his request for a writ of mandamus based on his repeated assertion that the legal materials show his innocence. [Motion For] Writ Of Mandamus Pursuant To 28 U.S.C. § 1361 (Doc. #312) at 1-2.

Defendant seeks relief under 28 U.S.C. § 1361, which bestows original jurisdiction upon district courts for mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As noted in the prior order, defendant has not shown that the government had a nondiscretionary duty to return anything to him or that other remedies are not available. See Memorandum And Order (Doc. #303) at 2. Accordingly, the Court dismisses for lack of jurisdiction defendant's motion for a writ of mandamus. See Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995) (whether particular act discretionary or ministerial rises to jurisdictional level); Carpet, Linoleum & Resilient Tile Layers v. Brown, 656 F.2d 564, 567 (10th Cir. 1981) (test for jurisdiction is whether mandamus would be appropriate means of relief); see also Heckler v. Ringer, 466 U.S. 602, 616 (1984) (writ

of mandamus intended to provide remedy only where petitioner exhausted other avenues of relief and defendant owes him clear nondiscretionary duty).[1]

## II. Basis For Relief Requested In Defendant's Rule 60(b) Motion (Doc. #313)

Defendant purportedly seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. The relief sought – not a motion's title – determines whether a movant filed a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitions by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). A true Rule 60(b) motion challenges either (1) a procedural ruling (such as timeliness) which precluded a merits determination of the habeas application or (2) a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1225. When determining the nature of a motion, the Court considers each issue in the motion to determine whether it represents a successive petition, a

---

[1] The Court also construed defendant's prior request for a writ of mandamus as a request for legal materials. As explained before, defendant has not shown that absent the materials, he cannot prepare a request to file a successive Section 2255 motion based on actual innocence. Memorandum And Order (Doc. #303) at 3. Because defendant has not shown a particularized need for the materials and it does not appear that any of the discovery materials would constitute "newly discovered" evidence within the meaning of Section 2255(h)(1), he is not entitled to copies of the materials. Id. at 3-4; see Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit).

Rule 60(b) motion, or a "mixed" motion.  Id. at 1224.

     A.  Claim That Court Did Not Hold Evidentiary Hearing

Defendant first attacks this Court's ruling which denied him an evidentiary hearing on his Section 2255 motion. The Court declined to hold an evidentiary hearing because defendant had not alleged "specific and particularized facts which, if true, would entitle him to relief." Memorandum And Order (Doc. #242) at 43.  An attack on the Court's procedural ruling not to hold a hearing necessarily involves a merits-based attack on the disposition of defendant's Section 2255 motion.  In re Lindsey, 582 F.3d 1173, 1175 (10th Cir. 2009) (claim that district court denied § 2255 petition without evidentiary hearing leads to merits-based attack of ruling on § 2255 motion; decision not to hold evidentiary hearing equivalent to dismissal for failure to state claim or summary judgment that prisoner not entitled to relief).  Because defendant has previously sought relief under Section 2255, the Court construes his first claim as part of a second or successive Section 2255 motion.  See United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015) (motion which attacks judgment of conviction or sentence when prior motion already did so constitutes second or successive motion).

     B.  Claim That Court Did Not Expand The Record

Defendant next attacks this Court's ruling which denied expansion of the record before ruling on his Section 2255 motion.  The Court overruled defendant's request because he did not show a particularized need to expand the record and it did not appear that additional documents were necessary to decide the claims in his Section 2255 motion.  Memorandum And Order (Doc. #242) at 37.  An attack on the Court's procedural ruling regarding the need for additional materials to decide defendant's motion necessarily involves a merits-based attack on the disposition of defendant's Section 2255 motion.  Accordingly, the Court construes defendant's second claim as

part of a second or successive Section 2255 motion.

      C.    <u>Claim That Court Erred In Applying Procedural Bar To Judicial Error Claims</u>

Defendant argues that the Court erred in overruling his claims of judicial error based on his failure to raise the issues on direct appeal. Liberally construed, defendant's claim challenges a procedural ruling which precluded a merits determination of his claims of judicial error.[2] The Court therefore treats the claim as part of a "true" Rule 60(b) motion. <u>Spitznas</u>, 464 F.3d at 1225.

## II.    Relief Under Fed. R. Civ. P. 60(b) – Claim 3

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b). <u>See</u> <u>Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.</u>, 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. <u>See</u> <u>Yapp v. Excel Corp.</u>, 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

    [2]    In fact, after noting the procedural bar, the Court analyzed defendant's claims of judicial error on the merits. <u>See</u> <u>Memorandum And Order</u> (Doc. #242) at 9-26. Even so, the Tenth Circuit apparently denied a certificate of appealability related to defendant's claims of judicial error based solely on this Court's ruling that defendant failed to raise the issues on direct appeal. <u>See</u> <u>Order Denying Certificate Of Appealability And Dismissing Appeal</u> (Doc. #259) at 3.

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendant alleges that the Court erred in overruling his claims of judicial error in his Section 2255 motion based on his failure to raise the issues on direct appeal.

Claims of judicial mistake (both of law and of fact) ordinarily must be raised under Rule 60(b)(1). Yapp, 186 F.3d at 1231 (Rule 60(b)(1) provides for reconsideration where party made excusable litigation mistake, attorney acted without authority; or court made substantive mistake of law or fact in final judgment or order). Defendant's motion is untimely under Rule 60(b)(1) because he filed it more than one year after the challenged order was entered. See Fed. R. Civ. P. 60(c)(1) (motion under Rule 60(b)(1), (2) or (3) must be made within reasonable time no more than one year after entry of judgment or order).

Rule 60(b)(6) also does not provide relief. Rule 60(b)(6) requires that defendant file the motion within a "reasonable time" after entry of the challenged judgment or order. See Fed. R. Civ. P. 60(c)(1). While Rule 60(b)(6) embraces the broad equitable powers of district courts, the Court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when it offends justice to deny relief. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005); Yapp, 186 F.3d at 1232. For several reasons, defendant has not satisfied this standard.

First, Rule 60(b)(6) cannot be invoked to challenge judicial mistakes which the party should have raised under Rule 60(b)(1). Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (Rule 60(b)(6) is "mutually exclusive" with the other subsections of Rule 60(b)); see Wallace v. McManus, 776 F.2d 915, 916 (10th Cir. 1985) (Rule 60(b)(6) relief not available if asserted grounds for relief covered by another provision of Rule 60(b)). Because defendant did not timely seek relief from the alleged mistake of law under Rule 60(b)(1), he is not

entitled to relief under Rule 60(b)(6).

Second, Rule 60(b)(6) cannot be used as a substitute for raising arguments on direct appeal or as a challenge to the appellate court's earlier ruling. See Cummings v. Gen. Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004) (relief under Rule 60(b) not substitute for appeal); see also Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (broad power granted by subsection (6) not for purpose of relieving party from free, calculated and deliberate choices; party has duty to take legal steps to protect interests). Rule 60(b)(6) relief is not available as an alternative to the normal process of raising claims on appeal.

Finally, defendant has not shown extraordinary circumstances which justify relief or that denying relief would offend justice. Defendant seeks to reargue this Court's ruling that his claims of judicial error were procedurally barred because he had not raised them on direct appeal. Memorandum And Order (Doc. #242) at 8-9. This Court and the Tenth Circuit already considered this precise issue and gave defendant an adequate forum to address his claims. See Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (Rule 60(b)(6) relief available only where exceptional circumstances denied moving party full and fair opportunity to litigate claim and prevented party from receiving adequate redress); Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994) (exceptional circumstances relevant only where they bar adequate redress); see also Lebahn v. Owens, 813 F.3d 1300, 1306 (10th Cir. 2016) (Rule 60(b) motion not appropriate vehicle to advance new arguments or supporting facts available but not raised at time of original argument). In addition to the limitations under Rule 60(b), the law of the case doctrine counsels against any attempt to reconsider an issue that the Tenth Circuit has already adjudicated. See Arizona v. California, 460 U.S. 605, 618 (1983) (under law of case doctrine, once court decides rule of law, decision continues to govern same issues in subsequent stages of same case).

In sum, the Court declines to grant relief under Rule 60(b) on defendant's claim that the Court erred in finding that his claims of judicial error were procedurally barred because he had not raised them on direct appeal.

### III. Relief Under 28 U.S.C. § 2255 – Claims 1 And 2

As stated, defendant previously filed a Section 2255 motion. Defendant's first and second claims challenge procedural rulings which necessarily involve merits-based attacks on the disposition of his Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion under Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under Section 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that

was previously unavailable. 28 U.S.C. § 2255(h).

Here, defendant's first and second claims challenge procedural rulings in the original Section 2255 proceeding. He does not assert new evidence or rely on a new rule of constitutional law that the Supreme Court has made retroactive. Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS THEREFORE ORDERED** that defendant's Motion For Relief Under Federal Rules Of Civil Procedure 60(b) (Doc. #313) filed June 15, 2018, which the Court construes as both a motion for relief under Rule 60(b), Fed. R. Civ. P., and a second or successive motion under 28 U.S.C. § 2255, is **OVERRULED in part and DISMISSED in part. Defendant's motion for relief under Rule 60(b)(6), Fed. R. Civ. P., is OVERRULED. Defendant's second or successive motion under 28 U.S.C. § 2255 is DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's [Motion For] Writ Of Mandamus Pursuant To 28 U.S.C. § 1361 (Doc. #312) filed June 15, 2018 is **DISMISSED for lack of jurisdiction**.

Dated this 28th day of December, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge