# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 11-20085-01-KHV |
| ) | |
| RODNEY O. MCINTOSH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On December 12, 2012, a jury found defendant guilty of eight counts of forcible assault. On June 18, 2013, the Court sentenced defendant to 144 months in prison. This matter is before the Court on defendant's letter (Doc. #320) filed June 17, 2019, which the Court construes as a motion to appoint counsel. For reasons stated below, the Court overrules defendant's motion.

Defendant seeks counsel to assist in the filing of a second or successive motion under 28 U.S.C. § 2255. In determining whether to appoint counsel in the analogous context in civil cases, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. Defendant has filed numerous post-judgment motions and requests to file additional Section 2255 motions. This Court has repeatedly rejected defendant's requests for relief. Likewise, on at least five occasions, the Tenth Circuit has denied defendant authorization to file a second or successive Section 2255 motion. See Order (Doc. #319) filed March 15, 2019; Order (Doc. #310) filed May 30, 2018; Order (Doc. #306) filed April 24, 2018; Order (Doc. #301) filed March 12, 2018; Order (Doc. #295) filed

January 25, 2018.  Defendant's conclusory statement that he has a "substantial claim of innocence and ineffective assistance of counsel" is insufficient to warrant appointment of counsel.[1] Doc. #320 at 1.  Moreover, defendant has consistently been able to adequately present his claims. Accordingly, the Court overrules defendant's motion to appoint counsel.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #320) filed June 17, 2019, which the Court construes as a motion to appoint counsel, is **OVERRULED**.

Dated this 6th day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] The Tenth Circuit found that similar conclusory claims of innocence were insufficient to authorize defendant to file a second or successive motion.  See Order (Doc. #310) at 2 (authorization denied where defendant alleged "newly discovered evidence prove[d] his actual innocence" but did not explain what specific evidence demonstrated his innocence); Order (Doc. #306) at 2 (bare assertion of "actual innocence," statement that court records can support claim and conclusory statements of illegal suppression of evidence insufficient to warrant authorization). On May 30, 2018, the Tenth Circuit found that any future motions for authorization concerning the same underlying convictions or sentences based on substantially similar arguments would be subject to summary dismissal.  See Order (Doc. #310) at 2.