## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | |
| **v.** | ) | **No. 11-20085-01-KHV** |
| | ) | |
| **RODNEY O. MCINTOSH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On June 25, 2019, the Court overruled defendant's Request For Assistance In The Investigation Of Crimes Involving Government Officers And Employees Pursuant To 28 U.S.C. § 535(b) (Doc. #317). See Order (Doc. #321) at 2. Even so, the Court directed government counsel to forward defendant's letter to the Federal Bureau of Investigations ("FBI"). See id. This matter is before the Court on defendant's Motion To Reconsider, Doc. 317, Requesting Assistance In The Investigation Of Crimes Involving Government Officers And Employees Pursuant To 28 U.S.C. § 535(b) (Doc. #323) filed July 17, 2019 and defendant's Motion For Review, 5 U.S.C. § 706 – Scope Of Review (Doc. #324) filed August 5, 2019. For reasons stated below, the Court overrules defendant's motion to reconsider and dismisses his motion for review.

## Analysis

### I.      Motion To Reconsider (Doc. #323)

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider. Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases. See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in

the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not a second opportunity for the losing party to make his strongest case, to rehash arguments or to dress up arguments that previously failed. See Christy, 739 F.3d at 539.

In his original motion, defendant sought to compel the FBI to investigate alleged threats of harm against him by the federal government. As explained in the prior order, Title 28, United States Code, Section 535(a) grants the Attorney General and the FBI discretion to investigate a complaint of criminal wrongdoing. See Order (Doc. #321) at 1. The Court overruled defendant's original motion because it lacks authority to compel the Attorney General or the FBI to initiate an investigation or to specifically consult with defendant. See id. at 2 (citing Parker v. Cain, 266 F. App'x 359, 359-60 (5th Cir. 2008), and Anderson v. United States, 48 F. App'x 794 (D.C. Cir. 2002) (Attorney General's discretionary authority to investigate complaints presumptively not subject to judicial review)).

Defendant argues that the Court should acknowledge that he has requested assistance in the investigation of specific crimes involving government officers and employees, namely "18 U.S.C. § 4 – misprison of a felony, 18 U.S.C. § 113 – felony assault and 18 U.S.C. § 242 – conspiracy to violate civil rights." Doc. #323 at 1. Defendant also asserts that the Court failed to recognize that "he is under pressure of very trying circumstances that is unequivocal to torture by and through the official duties of government officers and employees committing crimes." Id. at 2. The prior order adequately set forth the general nature of defendant's allegations of criminal wrongdoing and that this Court lacks authority to compel the Attorney General or the FBI to investigate. Defendant has not shown how the lack of further specificity as to the nature of his

allegations was erroneous or resulted in manifest injustice. For these reasons and for substantially the reasons set forth in the Order (Doc. #321), the Court overrules defendant's motion to reconsider.

## II. Motion For Review (Doc. #324)

Defendant asks the Court to compel the Bureau of Prisons ("BOP") "to process his administrative tort submitted . . . specifically relating to an unlawful amount – excessive – use of force on June 17, 2019." Doc. #324 at 1. Defendant attempts to seek relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, which applies to judicial review of agency actions. The APA, however, does not provide federal courts an independent basis of jurisdiction to review agency actions. Wyoming v. United States, 279 F.3d 1214, 1236 (10th Cir. 2002); see Califano v. Sanders, 430 U.S. 99, 107 (1977). To the extent that defendant's claim could be construed as a challenge to the execution of his sentence, he must file it as a separate civil action under 28 U.S.C. § 2241. Because defendant is confined in Thomson, Illinois, this Court lacks jurisdiction to hear such a claim. See 28 U.S.C. § 2241 (petition must be filed in district where prisoner is confined). Accordingly, the Court dismisses defendant's motion for review.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider, Doc. 317, Requesting Assistance In The Investigation Of Crimes Involving Government Officers And Employees Pursuant To 28 U.S.C. § 535(b) (Doc. #323) filed July 17, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Review, 5 U.S.C. § 706 – Scope Of Review (Doc. #324) filed August 5, 2019 is **DISMISSED for lack of jurisdiction**.

Dated this 19th day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge