#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 11-20085-01-KHV** |
| **RODNEY MCINTOSH,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

#### MEMORANDUM AND ORDER

On June 18, 2013, the Court sentenced defendant to 144 months in prison. On September 25, 2020, the Court dismissed defendant's Motion For Compassionate Release (Doc. #331), which sought release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. This matter is before the Court on defendant's Motion For Reconsideration (Doc. #342) filed October 19, 2020. For reasons stated below, the Court overrules defendant's motion.

#### Legal Standards

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider. Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases. See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Christy, 739 F.3d at 539.

**Analysis**

Defendant seeks reconsideration of the Court's ruling which overruled his motion that sought compassionate release based on the COVID-19 pandemic. The Court dismissed defendant's motion because he did not fully exhaust his available administrative remedies. See Memorandum And Order (Doc. #341) at 3–4. The Court also noted that even if defendant had exhausted administrative remedies, he failed to show "extraordinary and compelling reasons" for release. Id. at 7–15.

In his motion to reconsider, defendant first asserts that the Court should waive the exhaustion requirement. Motion For Reconsideration (Doc. #342) at 1. As explained in the prior order, the Court lacks discretion to waive defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies. See Memorandum And Order (Doc. #341) at 5 (citing Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) and Malouf v. SEC, 933 F.3d 1248, 1256 (10th Cir. 2019)). The COVID-19 pandemic is no exception. See id. (citing United States v. Alam, 960 F.3d 831, 833–36 (6th Cir. 2020) and United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)). In addition, sound policy reasons support the requirement that defendant must first present to the BOP his request for reduced sentence. See id. at 6.

Defendant next argues that because the warden did not clearly advise him how to file an administrative appeal, the Court should excuse his failure to appeal the warden's denial. Motion For Reconsideration (Doc. #342) at 1–2. The Court considers administrative remedies "unavailable" when prison officials prevent, thwart or hinder inmates from taking steps to fully exhaust their administrative rights. Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010) (court will excuse failure where prison officials "prevent, thwart, or hinder" inmate efforts to avail

himself of administrative remedy); see also Greer v. Dowling, 947 F.3d 1297, 1303 (10th Cir. 2020) (prison authorities "prevented" defendant from taking further administrative steps). Here, on June 19, 2020, in denying compassionate release, the warden advised defendant that "[i]f you are dissatisfied with this response, you may file an appeal pursuant to Program Statement 1330.18, Administrative Remedy Program, within 20 calendar days of the date of this response." Inmate Request To Staff Member Response (Doc. #331-1). Defendant argues that because the warden did not advise defendant where to file an appeal, the warden effectively "thwarted" him from taking further steps in the administrative process. Motion For Reconsideration (Doc. #342) at 2. Defendant has not asserted sufficient facts to establish that the warden prevented him from filing an administrative appeal or otherwise made such an appeal "unavailable." Therefore, the Court overrules defendant's motion on this ground.

Even if defendant could show exhaustion of administrative remedies, as explained in the prior order, he has not shown extraordinary and compelling reasons for compassionate release. In his motion to reconsider, defendant argues that his conviction was not a "crime of violence" as defined in 18 U.S.C. § 16. Id. at 4. In analyzing the various factors under 18 U.S.C. § 3553(a), the Court noted the facts surrounding defendant's offense, his history of "violent, disruptive and assaultive behavior" and his "violent and threatening conduct" since sentencing. Memorandum And Order (Doc. #341) at 14. The definition of a "crime of violence," however, did not impact the Court's analysis of defendant's compassionate release motion.

In sum, defendant does not assert "new evidence" to support his motion to reconsider. His arguments above also do not establish adequate grounds for reconsideration of the Court's ruling. Accordingly, the Court overrules defendant's motion to reconsider the ruling on his compassionate


release motion.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. #342) filed October 19, 2020 is **OVERRULED**.

Dated this 26th day of October, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge