IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-20085-01-KHV |
| RODNEY MCINTOSH, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On June 18, 2013, the Court sentenced defendant to 144 months in prison.  See Judgment In A Criminal Case (Doc. #173).  On September 25, 2020, the Court dismissed defendant's Motion For Compassionate Release (Doc. #331), which sought release based on the Coronavirus Disease-2019 ("COVID-19") pandemic.  See Memorandum And Order (Doc. #341).  On October 26, 2020, the Court overruled defendant's Motion For Reconsideration (Doc. #342).  See Memorandum And Order (Doc. #343).  This matter is before the Court on defendant's Motion To Recall The Mandate (Doc. #344) filed December 6, 2021, which the Court construes as a second motion to reconsider the ruling on defendant's motion for compassionate release.  For reasons stated below, the Court overrules defendant's motion.

**Legal Standards**

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider.  Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases.  See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).  The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained

previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  See Christy, 739 F.3d at 539.

**Analysis**

Defendant asks the Court to recall the "mandate in Dkt. 331 and grant him the relief sought."  Motion To Recall The Mandate (Doc. #344) at 1.  ECF Docket Number 331 is defendant's Motion For Compassionate Release (Doc. #331).  The Court therefore construes defendant's present motion as a second motion for reconsideration of the Court's ruling which overruled his motion that sought compassionate release based on the COVID-19 pandemic.[1]  The Court dismissed defendant's motion for compassionate release because he did not fully exhaust available administrative remedies.  See Memorandum And Order (Doc. #341) at 3–4.  The Court also noted that even if defendant had exhausted administrative remedies, he failed to show "extraordinary and compelling reasons" for release.  Id. at 7–15.

Defendant argues that a victim, who sent a letter that an Assistant United States Attorney ("AUSA") submitted in opposition to his compassionate release motion, is related to a different AUSA in the District of Kansas.  Defendant does not explain specifically how the victim's purported relationship to another AUSA either disqualifies the AUSA on this case or entitles him

---

[1] Defendant did not appeal the Court's dismissal of his motion for compassionate release or his motion to reconsider that ruling.  Accordingly, the Tenth Circuit did not issue a mandate or any order related to his compassionate release motion.

to a reduced sentence.[2] Moreover, to the extent that defendant's discovery of the purported relationship between a victim and another AUSA is "new evidence," that fact—either individually or collectively with defendant's other stated reasons—is not an extraordinary and compelling reason for relief.

Next, defendant suggests that resentencing is required because the Court colluded with the victim and the AUSA assigned to his case to secure a conviction and lengthy sentence. Defendant's assertion is untrue, irrational and insufficient to warrant a reduced sentence.[3]

**IT IS THEREFORE ORDERED** that defendant's Motion To Recall The Mandate (Doc. #344) filed December 6, 2021, which the Court construes as a second motion to reconsider, is **OVERRULED**.

Dated this 10th day of December, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] The disqualification of an AUSA is a drastic measure. United States v. Bolden, 353 F.3d 870, 878–79 (10th Cir. 2003) (courts have disqualified government counsel in limited circumstances such as (1) actual conflict of interest because prosecutor also represented another party, (2) bona fide allegations of counsel's bad faith performance of official duties or (3) where prosecutor will act as witness at trial). Even if the Court disqualifies one AUSA because of a conflict, it rarely disqualifies the entire U.S. Attorney's office. See id. at 879 (because disqualifying government attorneys implicates separation of powers issues, generally accepted remedy is to disqualify specific AUSA—not all attorneys in office).

[3] Defendant does not ask the undersigned judge to recuse. In any event, defendant's collusion assertion is insufficient to warrant recusal. See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) (judge should not recuse on unsupported, irrational or highly tenuous speculation). A reasonable person with access to the relevant facts would not question the impartiality of the undersigned judge. See Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000) (under 28 U.S.C. § 455(a), party must establish judge's partiality might reasonably be questioned). Likewise, the undersigned has no bias or prejudice against defendant, from extrajudicial sources or otherwise. See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (under 28 U.S.C. § 455(b)(1), party must establish judicial bias and prejudice from extrajudicial source).